**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

FILED
JUL 13 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

Stephen F. Chrabaszcz, Jr., et al

v. C.A. No. 03-133 S

Johnston School Committee, both
Individually and as Committee Members, et al.

DEFENDANTS' RULE 12.1 STATEMENT OF UNDISPUTED FACTS
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

*1.* Plaintiff was hired by the Johnston School Committee on August 30, 1999, as the Johnston High School Vice Principal for the period of August 30, 1999-June 30, 2000. Exhibit F to Defendants' Motion for Summary Judgment.

*2.* Defendants received several complaints about plaintiff concerning both his ability to perform the job functions assigned and specific incidents of misconduct.

*3.* On April 12, 2000, Dr. Jolin informed plaintiff that he was being placed on administrative leave with pay pending an investigation into several incidents of misconduct.

*4.* The reason for the administrative leave was outlined in a May 1, 2000 letter to plaintiff and included: 1. plaintiff inappropriately touching a female student on the lower back and calling her "babe" as he confirmed she would be in detention that day; 2. grabbing a male student by the shirt and kneeing him in the thigh; and 3. failing to investigate a report of sexual harassment by a female student against a male student.

*5.* The defendants did not release any information regarding plaintiff's administrative leave to the public.

6. After a period of time, plaintiff decided to advise the public and school community about being involuntarily placed on administrative leave and the articulated reasons for the defendants' actions.

7. Plaintiff admitted that he had called and routinely called female students "babe" and did not believe use of such a term was inappropriate.

8. Plaintiff admitted that he oftentimes engaged in physical "horseplay" with male students such as that alleged in the May 1, 2000, letter.

9. In consultation with City attorneys and the Town's insurance carrier, the R.I. Interlocal Trust, defendants hired an outside counsel, now R.I. Supreme Court Justice Francis X. Flaherty, to investigate the allegation that plaintiff had failed to investigate a sexual harassment complaint allegedly lodged by a female student against a male student.

10. On June 26, 2000, Justice Flaherty forwarded correspondence to Dr. Jolin and informed him that despite numerous attempts he had not been able to contact the complaining student or her parents to follow-up on the allegations against plaintiff. Justice Flaherty thus decided to close out the investigation because of the failure of the complaining student to cooperate.

11. Classes in the Town of Johnston ended sometime around the second week of June, 2000.

12. On June 6, 2000, Dr. Jolin informed plaintiff that he would recommending to the School Committee that they not renew plaintiff's contract which was to expire on June 30, 2000.

13. Dr. Jolin expressly advised plaintiff that the reason for his recommendation was Dr. Jolin's conclusion that there were better administrators available to perform his duties.

14. After a public hearing, the School Committee accepted Dr. Jolin's recommendation that there were better administrators available and thus decided not to renew plaintiff's contract for the school year 2000-2001.

15. Plaintiff took an appeal from this decision to the Commissioner of Education who affirmed the decision of the Johnston School Committee.

16. Plaintiff's appeal from the Commissioner's decision is pending before the Superior Court.

Defendants,
By their Attorneys,

Marc DeSisto, Esq. (#2757)
Kathleen M. Daniels, Esq. (#4766)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 13th day of July, 2005, to the following:

Jeffrey D. Sowa, Esq. (#5764)
67 Cedar Street, Suite 102
Providence, RI 02903