**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Stephen F. Chrabaszcz, Jr., et al | : | |
| | : | |
| vs. | : | C.A. No. 03-133S |
| | : | |
| Johnston School Committee, both Individually and as Committee Members, et al | : | |

**PLAINTIFF'S 12.1(d) CONTROVERTING AFFIDAVIT OF FACTS IN SUPPORT OF MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Now comes Plaintiff Stephen F. Chrabaszcz, Jr. ("Plaintiff") and hereby submits the within Controverting Affidavit of Facts in accordance with Rule 12.1(d) of the Local Rules of the District of Rhode Island for the U.S. District Court:

**Defendants' Paragraph 1**: Plaintiff was hired by the Johnston School Committee on August 30, 1999, as the Johnston High School Vice-Principal for the period of August 30, 1999 – June 30, 2000. Exhibit F to Defendants' Motion For Summary Judgment.

**Response: Plaintiff admits that he was hired by the Johnston School Committee in or about August 1999 and that he was to serve as Vice-Principal for at least a year term, however, Plaintiff objects to Defendants characterization of his employment arrangement as only a one-year term.**

**Defendants' Paragraph 2**: Defendants received several complaints about Plaintiff concerning both his ability to perform the job functions assigned and specific incidents of misconduct.

**Response: Defendant did not receive "several" complaints about Plaintiff. In addition, it is undisputed that Plaintiff was performing the job responsibilities of two administrators and the sheer volume of work present does not allow for criticism as to Plaintiff's ability to perform the job functions "assigned."**

**Defendants' Paragraph 3:** On April 12, 2000, Dr. Jolin informed Plaintiff that he was being placed on administrative leave with pay pending an investigation into several incidents of misconduct.

**Response: Plaintiff does not contest this assertion.**

**Defendants' Paragraph 4:** The reason for the administrative leave was outlined in a May 1, 2000 letter to Plaintiff and included: 1. Plaintiff inappropriately touching a female student on the lower back and caller her "babe" as he confirmed she would be in detention that day; 2. grabbing a male student by the shirt and kneeing him in the thigh; and 3. failing to investigate a report of sexual harassment by a female student against a male student.

**Response: Plaintiff objects to this characterization as the "reason" for Plaintiff's placement on administrative leave was Defendants deliberate scheme to displace Plaintiff of his position. The alleged incidents referenced were either outdated and/or pretextual and advanced in bad faith.**

**Defendants' Paragraph 5:** The Defendants did not release any information regarding Plaintiff's administrative leave to the public.

**Response: Plaintiff contests this statement. In fact, at a June 20, 2000 Meeting of the Johnston School Committee, Superintendent Michael Jolin expressly opined as to Plaintiff's status, vis-à-vis administrative leave, and alluded, to the general public, to unprofessional conduct of Plaintiff as a reason for the same.**

**Defendants' Paragraph 6:** After a period of time, Plaintiff decided to advise the public and school community about being involuntarily placed on administrative leave and the articulated reasons for the Defendants' actions.

**Response: Plaintiff contests this assertion. Rather, the removal and banning of Plaintiff from school property, as well as the public statement by Superintendent Michael Jolin at a Public Open School Committee meeting on June 20, 2000 published Plaintiff's Administrative Leave.**

**Defendants' Paragraph 7:** Plaintiff admitted that he had called and routinely called female students "babe" and did not believe use of such a term was inappropriate.

**Response: Plaintiff completely contests and denies this assertion.**

**Defendants' Paragraph 8:** Plaintiff admitted that he oftentimes engaged in physical "horseplay" with male students such as that alleged in the May 1, 2000 letter.

**Response: Plaintiff completely contests and denies this assertion.**

**Defendants' Paragraph 9:** In consultation with City attorneys and the Town's insurance carrier, the R.I. Interlocal Trust, Defendants hired an outside counsel, now R.I. Supreme Court Justices Francis X. Flaherty, to investigate the allegation that Plaintiff had failed to investigate a sexual harassment complaint allegedly lodged by a female student against a male student.

**Response: Plaintiff does not contest this assertion.**

**Defendants' Paragraph 10:** On June 26, 2000, Justice Flaherty forwarded correspondence to Dr. Jolin and informed him that despite numerous attempts, he had not been able to contact the complaining student or her parents to follow-up on the allegations against Plaintiff. Justice Flaherty thus decided to close out the investigation because of the failure of the complaining student to cooperate.

**Response: Plaintiff objects to the characterization as Justice Flaherty indicated it would not be fruitful to continue the investigation. Further, at no time did Justice Flaherty intimate the same to be the sole reason for discontinuance of the investigation. In fact, Plaintiff's purported failure to investigate stemmed from an alleged incident off of school grounds that had never been formally reported to Plaintiff.**

**Defendants' Paragraph 11:** Classes in the Town of Johnston ended sometime around the second week of June, 2000.

**Response: Plaintiff contests this assertion.**

**Defendants' Paragraph 12:** On June 6, 2000, Dr. Jolin informed Plaintiff that he would recommending (sic) to the School Committee that they not renew Plaintiff's contract which was to expire on June 30, 2000.

**Response: Plaintiff does not contest this assertion.**

**Defendants' Paragraph 13:** Dr. Jolin expressly advised Plaintiff that the reason for his recommendation was Dr. Jolin's conclusion that there were better administrators available to perform his duties.

**Response: Plaintiff does not contest this assertion.**

**Defendants' Paragraph 14:** After a public hearing, the School Committee accepted Dr. Jolin's recommendation that there were better administrators available and thus decided not to renew Plaintiff's contract for the school year 2000 – 2001.

**Response: Plaintiff does not contest this assertion.**

**Defendants' Paragraph 15:** Plaintiff took an appeal from this decision to the Commissioner of Education who affirmed the decision of the Johnston School Committee.

**Response: Plaintiff contests this decision to the extent that the Hearing Officer at the Commission of Education found in favor of Plaintiff, which was subsequently overturned by the Commission.**

**Defendants' Paragraph 16:** Plaintiff's appeal from the Commissioner's decision is pending before the Superior Court.

**Response: Plaintiff contests this assertion as the appeal is presently before the Board of Regents.**

Plaintiff,
Stephen F. Chrabaszcz, Jr.,
By his Attorneys,

Jeffrey D. Sowa, Esq./#5764
Christopher D. DiSano, Esq./#6788
LaPlante & Sowa, Ltd.
67 Cedar Street, Suite 102
Providence, RI 02903
TEL: (401) 273-0200
FAX: (401) 273-0250

**CERTIFICATION**

Marc DeSisto, Esq.
Kathleen M. Daniels, Esq.
DeSisto Law
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

I hereby certify that on this 31st day of August 2005, I caused a true and accurate copy of the within document to be sent via first class mail, postage prepaid, to the above-listed attorneys.

M. Krakowski