UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Stephen F. Chrabaszcz, Jr., et al

v. C.A. No. 03-133 S

Johnston School Committee, both
Individually and as Committee Members, et al.

DEFENDANTS' OBJECTION TO A PORTION OF THE RECOMMENDED DISPOSITION IN THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE LINCOLN ALMOND DATED DECEMBER 27, 2005 CONCERNING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Now come the Defendants, Johnston School Committee, David J. Santilli, Robert LaFazia, Geraldine Loffredo, Richard Delfino, Robin Carlone, Peter Voccio, Jr., the City of Johnston, through its Finance Director Leo H. Fox, Michael Jolin and Patricia Pitocchi (hereinafter "defendants") and pursuant to Fed. R.Civ. P. 72(b) and Local Rule 32, serve their specific written objections to the Report and Recommendation of Magistrate Judge Almond dated December 27, 2005 as follows:

That portion of the recommendation that defendants' motion for summary judgment be denied as to plaintiffs' claim of procedural due process finding that plaintiffs may be able to prove a liberty interest and that defendants are not entitled to a qualified immunity summary dismissal (set forth on Page 24 of the Report and Recommendation and discussed and analyzed in the preceding pages).

Defendants respectfully state the basis for the objections are as follows:

1. Plaintiff does not have a liberty interest since the plaintiff, Steven Chrabaszcz, did not request a name clearing opportunity;

2. Even if the plaintiff is found to have a liberty interest, the Report and Recommendation fails to address whether the conduct, at issue, rises to the level

of a procedural due process claim in view of the fact that there is an adequate State remedy;

3. The defendants are entitled to qualified immunity because it was not clearly established in the year 2000 that unless defendants provided plaintiff with a name clearing hearing, they could be liable for a procedural due process claim.

Defendants outline and develop these issues in their memorandum of law attached and incorporated herein.

Defendants,
By their Attorneys,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 5th day of January, 2006, to the following:

Jeffrey D. Sowa, Esq. (#5764)
67 Cedar Street, Suite 102
Providence, RI 02903

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

Stephen F. Chrabaszcz, Jr., et al

v. C.A. No. 03-133 S

Johnston School Committee, both
Individually and as Committee Members, et al.

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO A PORTION OF THE REPORT AND RECOMMENDATION

## I. INTRODUCTION

On December 27, 2005, Magistrate Judge Lincoln Almond issued a Report and Recommendation concerning the defendants' motion for summary judgment. He recommends that the defendants' motion be granted in part and denied in part. Specifically, these defendants object to that portion of Magistrate Almond's decision denying their motion to that portion of Count 1 which alleges a procedural due process claim based on the plaintiff's liberty interest. In their objection, the defendants have identified three grounds for review by this Court. Those grounds are set forth and more fully developed below.

## II. THERE IS NO INDICATION THAT THE PLAINTIFF REQUESTED A NAME CLEARING OPPORTUNITY

The Report and Recommendation sets forth the five elements enumerated in *Burton vs. Town of Littleton, 426 F.3d 9, 15 (1st Cir. 2005)* necessary for the plaintiff to prevail on a claim for deprivation of a liberty interest without due process. The fifth element as indicated in the Report and Recommendation is that "the government must have failed to comply with the employee's request for an adequate name-clearing opportunity" (*See Report and Recommendation at Page 15*). Defendants' first ground of objection is that the plaintiff has not alleged a request for an adequate name clearing opportunity. Certainly, the complaint is silent in

to this because an element critically important to any procedural due process claim is lacking in this matter. Specifically, the plaintiff must allege and prove that available remedies under Rhode Island law were inadequate to redress his complained of deprivation. *Rumford Pharmacy, Inc. vs. City of East Providence, 970 F.2d 996, 999 (1st Cir. 1992) (See also El Marocco Club, Inc. vs. Leo Fox, 110 F. Supp. 2d 54, 62 (D.R.I. 2000)*, N1 holding that "plaintiff also has no viable due process claim since it had access to the Rhode Island Courts to remedy any alleged procedural deficiency at the local level).

The Report and Recommendation does not contain any analysis as to whether there were adequate State law remedies for the plaintiff for a name clearing opportunity. Defendants provide at least two remedies. First, the Rhode Island legislature has enacted laws mandating a process for timely hearings involving terminations and suspensions (R.I.G.L. 16-12.1-1 et seq.). In fact, the legislative purpose as enumerated in R.I.G.L. 16-12.1-1 provides in part:

> "full disclosure of the bases or reasons for suspension, dismissal or non-renewal in the hearing which may follow, while providing administrators and school committees a meaningful hedge against mistaken or impermissible actions as well as an opportunity to question and confront those individuals whose judgment or allegations furnish the basis for the actions taken, are ultimately intended to erase harmful innuendo from any suspension, dismissal or non-renewal of an administrator".

R.I.G.L. 16-12.1-3 mandates that subsequent to suspending the employment of an administrator, a local school committee shall provide the administrator with, among other requirements, notification of the right of the administrator to a prompt hearing "which shall be at the election of the administrator".

At this hearing, the administrator has the opportunity to present and cross examine witnesses and the testimony shall be taken under oath (R.I.G.L. 16-12.1-4).

Consequently, the plaintiff always had a State law remedy for a hearing regarding his suspension. Moreover, if the plaintiff had requested such a hearing and was denied this

opportunity, he had available to him Superior Court remedies such as injunctive relief pursuant Rule 65 of the Superior Court Rules of Civil Procedure or a Writ of Mandamus.

Defendants submit that these State law remedies are sufficient and adequate to redress any supposed deprivations of the plaintiff regarding a name clearing opportunity. Therefore, even if the plaintiff retains a liberty interest he is still lacking the critical element of a determination that there are no adequate State law remedies.

## IV. THE DEFENDANTS ARE QUALIFIEDLY IMMUNE

The Report and Recommendation indicates that qualified immunity is not established for purposes of summary judgment for a number of reasons. First, the Report and Recommendation indicates that, the facts presented demonstrate that there are genuine issues of material fact as to this constitutional claim. However, there is no elaboration on the material facts in issue that would affect qualified immunity. The Report and Recommendation indicates that the defendants have failed to establish that a reasonable official would not have understood that the conduct (in this case not allowing a name clearing opportunity) violated a clearly established right. Defendants respectfully disagree with this conclusion. Defendants submit that the Report and Recommendation analyzed the "clearly established" element in the qualified immunity inquiry as a broad general proposition rather than in light of the specific context of the case. *Brosseau vs. Haugen, 543 U.S. 194; 125 S. Ct. 596; 160 L. E. d. 2d 583 (2004)* Defendants submit that the inquiry in this matter should be whether in the year 2000 it was clearly established that depriving the plaintiff of a name clearing opportunity would violate the plaintiffs' procedural due process rights. Defendants contend that in the year 2000 it was not so clearly established.

Recently, the United States District Court for the District of New Hampshire found that the United States Attorney for the District of Puerto Rico was qualifiedly immune in a liberty

interest procedural due process claim, involving a name clearing opportunity in a termination suit filed by a former Assistant United States Attorney. *Marin vs. Gonzales, 05-DS-247-SM (NH), 2005 DNH 167; 2005 U.S. Dist. Lexis 34319 (December 19, 2005)*

In his decision, the Honorable Judge McAuliffe states:

> "All can agree that when Garcia terminated plaintiffs' employment it was clearly established that the due process clause requires a public employer to afford its employees an opportunity to dispute any defamatory allegations that have been publicly disseminated in connection with their discharge. However, a reasonable official's awareness of the existence of an abstract right, such as a right to a name clearing hearing under certain circumstances, does not equate to knowledge that his conduct infringes the right".

Defendants acknowledge that this case turned on whether it was clearly established as to the particular circumstances that mandate a name clearing hearing such as when statements are intentionally publicized by the government. Nevertheless, defendants submit that the very fact that a United States Attorney is found to be immune because some aspects of the rights of individuals to a name clearing hearing are not clearly established is a strong indication that a Superintendent and school committee members would not know that their actions concerning a name clearing hearing would violate constitutional rights. It should also be noted that in *Marran vs. Gonzales* the conduct giving rise to the complaint occurred in August of 2004. In our case the conduct in issue occurred approximately four years earlier. For these reasons, defendants respectfully submit that they are qualifiedly immune because the right was not clearly established at the time.

## V. **CONCLUSION**

For the reasons set forth above and any others addressed at a hearing on this matter, defendants respectfully request that the portion of the recommended disposition in the Report and Recommendation of Magistrate Judge Lincoln Almond dated December 27, 2005 denying

their motion for summary judgment on the liberty interest procedural due process aspect of Count 1 be reversed.

Defendants,
By their Attorneys,

Marc DeSisto

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 5th day of January, 2006, to the following:

Jeffrey D. Sowa, Esq. (#5764)
67 Cedar Street, Suite 102
Providence, RI 02903

Laura Sorge