UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Stephen F. Chrabaszcz, Jr., et al., Plaintiffs, v. Johnston School Committee, et al., Defendants. | C.A. No. 03-133S |

**DECISION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Stephen F. Chrabaszcz, Jr. and members of his family (collectively referred to as "Plaintiff") brought this action under 42 U.S.C. § 1983 alleging that Defendants violated his rights to procedural and substantive due process under the Fourteenth Amendment when they placed him on administrative leave from his job as the Assistant Principal at Johnston High School. Additionally, Plaintiff asserted state law claims of breach of employment agreement, tortious interference with contract, intentional infliction of emotional distress, negligence, defamation, and loss of consortium. On December 27, 2005, Magistrate Judge Lincoln Almond issued a thorough Report and Recommendation ("R&R") which recommended that Defendants' Motion for Summary Judgment be granted in part and denied in part.

This matter is now before the Court on Defendants' Objection to Judge Almond's R&R. Defendants advance the following specific objections: (1) concerning Plaintiff's liberty interest claim, the R&R failed to address whether there were adequate state law remedies; and (2) concerning qualified immunity, the R&R improperly concluded that the right at issue was clearly established.[1]

Pursuant to Fed. R. Civ. P. 72, the Court must make "a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made . . . ." Id. De novo review, however, is circumscribed in one important respect. As unequivocally stated by the First Circuit, this Court's review of a Magistrate's R&R does not contemplate consideration of arguments never seasonably raised before the Magistrate. See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) (litigants may not "feint and weave at the initial hearing, and save [the] knockout punch for the second round"); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) ("Parties must take before the magistrate not only their best shot

[1] Defendants had also argued that because Plaintiff never requested a name-clearing opportunity, he was unable to satisfy a necessary element of his procedural due process claim. See Burton v. Town of Littleton, 426 F.3d 9, 15 (1st Cir. 2005) (setting forth necessary elements). At the February 13, 2006 hearing, however, Defendants conceded that this argument was without merit in light of the letter and affidavit from Plaintiff's former attorneys which show such a request was made.

but all of their shots.") (internal citation and quotation marks omitted).

Judge Almond has thoroughly set forth the facts underlying Defendants' Motion for Summary Judgment and they need not be reiterated here. For the reasons set forth below, the Court adopts Judge Almond's R&R in full.

I. Adequate State Remedies

In their Objection, Defendants for the first time rely upon Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 999 (1st Cir. 1992) to argue that Plaintiff is not only required to satisfy the five elements set forth in Burton, 426 F.3d at 15, but that he must also "allege and prove that available remedies under Rhode Island law were inadequate to redress his complained of deprivation." Defs.' Obj. at 3. Failure to do so, Defendants now assert, is fatal to Plaintiff's procedural due process claim.

Defendants' Rumford-based argument was never discussed in Defendants' summary judgment motion, or even hinted at during the motion hearing in front of Judge Almond. To the contrary, Defendants requested summary judgment on the liberty interest claim only in a very limited context: "that to the extent plaintiff seeks to maintain a claim for deprivation of a 'liberty' interest, summary judgment in favor of defendants should enter because plaintiff has failed to identify such a constitutionally protected interest." Defs.' Summ. J. Mem. at 7. Accordingly, having failed

altogether to show this purported ace to the Magistrate, Defendants are barred from producing it after the hand has been played. See Paterson-Leitch, 840 F.2d at 990-91 ("it would be fundamentally unfair to permit a litigant to . . . wait to see which way the wind was blowing, and - having received an unfavorable recommendation - shift gears before the district judge").

II. Qualified Immunity

Defendants also assert they are entitled to qualified immunity because in the year 2000, it was not clearly established that depriving an employee of a name-clearing opportunity could violate his due process rights. The Court finds this objection to be without merit. As discussed in the R&R, as early as the 1970s, the Supreme Court had found that a liberty interest could be impinged in connection with a nonrenewal "[w]here a person's good name, reputation, honor, or integrity is at stake" and that in such cases, "notice and an opportunity to be heard are essential . . . [to] . . . provide the person an opportunity to clear his name." Bd. of Regents v. Roth, 408 U.S. 564, 573 and n.12 (1972) (internal citation and quotation marks omitted). Additionally, as early as 1990, the First Circuit held that a public employer's decisions concerning employment status "may damage the employee's reputation to such an extent that his 'liberty' to seek another job is significantly impaired." Ortega-Rosario v. Alvarado-Ortiz, 917 F.2d 71, 74 (1st Cir. 1990). Thus, as of 2000, at a minimum, it was

clearly established that public employers must provide their employees with an opportunity to dispute stigmatizing statements that have been publicly disseminated in connection with a change in employment status.

Defendants' new citation to Marin v. Gonzales, 2005 WL 3464389 (D.N.H. Dec. 19, 2005) does not alter this conclusion.[2] Marin merely held that it was not clearly established that an employee had a right to a name-clearing hearing if the stigmatizing statements were not disseminated to third parties outside of the United States Attorney's Office. The fulcrum of the Marin decision, therefore, was the plaintiff's inability to show that the publication element of the due process claim was clearly met. Here, by contrast, Judge Almond has found sufficient evidence to support all elements of Plaintiff's procedural due process claim, including publication.

---

[2] Although not raised before Judge Almond, the Court does not consider this argument to be waived because Marin was issued after Defendants filed their summary judgment motion and only eight days before Judge Almond issued his R&R.

## III. Conclusion

In light of the foregoing, Defendants' Objection is DENIED and the Court adopts in full Judge Almond's December 27, 2005 R&R.

IT IS SO ORDERED.

William E. Smith
United States District Judge
Date: 3/31/06