DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEPHEN F. CHRABASZCZ, JR., et. al. | : | |
| | : | |
| v. | : | C.A. No. 03-133S |
| | : | |
| JOHNSTON SCHOOL COMMITTEE, et. al. | : | |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANTS' CONSULTATION WITH THEIR LEGAL COUNSEL**

Plaintiff Stephen F. Chrabaszcz, Jr.[1] ("Plaintiff") respectfully submits this Memorandum of Law in support of his Motion in Limine to preclude Defendants admission of any and all evidence regarding Defendants' consultations with counsel seeking legal advice related to his decision to place Plaintiff on administrative leave.

As grounds therefor, Plaintiff represents that the evidence is irrelevant, immaterial, and prejudicial and should be barred from admittance.

**Summary of Facts**

Plaintiff commenced the instant action, which has now proceeded to the trial stage, against Defendant Johnston School Committee[2] (hereinafter "Defendants") alleging, *inter alia*, a deprivation of his Constitutionally protected liberty interest (under 42 U.S.C. §1983) stemming from Defendants' conduct and/or actions incidental to

[1] Plaintiff Stephen F. Chrabaszcz Jr.'s wife, Barbara Chrabaszcz, and his children, Stephen F. Chrabaszcz, III, Jessica Chrabaszcz and Adam Chrabaszcz, are also named Plaintiffs in this Action in connection with Count VI (Loss of Consortium). For the balance of this Pre-trial Memorandum, except where necessary to distinguish, Plaintiff Stephen F. Chrabaszcz will be referred to herein, singularly, as "Plaintiff."

[2] Defendants in the instant Action are the Town of Johnston, its then School Committee (David Santilli, Robert LaFazia, Geraldine Loffredo, Richard Delfino, Robin Carlone and Peter Voccio, Jr.), its then Superintendent (Michael W. Jolin) and its then High School Principal (Patricia Pitocchi).

placing Plaintiff on administrative leave. In connection with the same, Plaintiff seeks damages stemming from Defendants' actions.

In his deposition, Defendant testified that he relied in large part on the advice of his legal counsel in making his decisions concerning Plaintiff. Plaintiff seeks to bar the introduction of any and all evidence of consultations between Defendants and legal counsel, as any such conversations, pursuant to applicable case law, are irrelevant and highly prejudicial to Plaintiff.

## Argument

**I. The evidence sought to be admitted by Defendants should be precluded from admission for the reason that it is irrelevant and immaterial to the issues before this Court, as well as prejudicial to the jury's analysis of the issues raised in this litigation.**

Under Federal Rule of Evidence 401, irrelevant and immaterial evidence is to be excluded. Fed. R. Evid. 401. Relevant evidence is evidence, "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Id.

Moreover, Federal Rule of Evidence 403 states that although evidence may be relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of accumulative evidence. Mass. R. Evid. 403.

In light of the pertinent Federal Rules of Evidence above, the evidence sought to be admitted by Defendants should be precluded because it is neither relevant nor material to the issues present before this Honorable Court. In the instant case, Defendants cannot

seek refuge from a procedural due process violation by the mere fact that legal counsel was consulted prior thereto.

This Honorable Court's decision in Molloy v. Blanchard, 907 F.Supp. 46 (D.R.I. 1995) is most instructive. In Molloy, a female police officer filed suit (against the City of Warwick and certain officials) under 42 U.S.C. 1983 for violations of her Constitutional rights to procedural and substantive due process. Id. at 47. In response to the plaintiff's procedural due process claims, the defendants argued that they were free from liability on the grounds that they consulted the city solicitor[3] prior to deciding to place the plaintiff on suspension. Id. at 49. The defendants argued that they "relied in good faith on the advice of municipal counsel ... and, therefore ... should have been absolved of any personal liability for the consequences of [their] actions." Id.

This Honorable Court disagreed, and declared that "[a]dopting the police chief's proferred position would immunize officials from liability via the simple expedient of consulting counsel... Where the law is clearly established, there is no justification for excusing individuals from liability. In sum, officials are presumed to know and abide by clearly established law. When their actions are otherwise, their claims of immunity will fail." Id.

Such is the case here. This Honorable Court has already held that the applicable law is clearly established. See Report and Recommendation. Defendant Dr. Michael Jolin did relies on the alleged advice of counsel in connection with placing Plaintiff on administrative leave. However, the Molloy decision makes clear that Defendants cannot avoid liability by sheltering their actions through raising the cloak of legal counsel to insulate him/herself. Thus, any offer of evidence by Defendants of their communications

[3] Coincidentally, the City Solicitor for the City of Warwick at such time was your Honor.

with counsel is utterly inconsequential to the determination of any fact of consequence to deciding whether Defendants violated Plaintiff's liberty interest.

Moreover, any decision to allow such evidence is certain to substantially prejudice Plaintiff. Indeed, jurors may reasonably, but mistakenly, believe that consultation with counsel mitigates Defendants evil motive and malice, and consequently not award punitive damages to Plaintiff. As Molloy states, however, consultations with counsel are immaterial. As a result, the possibility that the jury could – should the evidence be admitted – afford any weight to such facts is real, as would be the prejudice by allowing such evidence to taint the jury's understanding and analysis of the salient issues.

## CONCLUSION

In short, the probative value, if any, of this irrelevant evidence is substantially outweighed by the danger of unfair prejudice to Plaintiff, and its likelihood of confusing the jury. It will serve no purpose but to mislead the finders of fact and improperly take their collective eyes off the ball, frustrating Plaintiff's ability to not only prevail on his liberty interest claim, but also to be awarded the punitive damages he seeks.

Plaintiffs,
By Their Attorneys,

Jeffrey D. Sowa, Esq. #5764
Christopher D. DiSano, Esq. #6788
LaPlante & Sowa, Ltd.
67 Cedar Street, Suite 102
Providence, RI 02903
(401) 273-0200 (telephone)
(401) 273-02500 (facsimile)

**CERTIFICATION**

Marc DeSisto, Esquire.
Desisto Law
211 Angell Street
PO Box 2563
Providence, RI 02906

I hereby certify that on this 8th day of May, 2006, I sent email and first class mail, postage prepaid, a copy of the within document to the above-listed counsel.