**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

Stephen F. Chrabaszcz, Jr., et al

v. C.A. No. 03-133 S

Johnston School Committee, both
Individually and as Committee Members, et al.

**DEFENDANTS' OBJECTION TO THE PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANTS' CONSULTATION WITH LEGAL COUNSEL**

Now come the defendants and object to the plaintiff's motion in limine to exclude evidence of defendants' consultation with their legal counsel. Defendants rely on their memorandum of law attached and incorporated herein.

Defendants,
By their Attorneys,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 10th day of May, 2006, to the following:

Jeffrey D. Sowa, Esq. (#5764)
67 Cedar Street, Suite 102
Providence, RI 02903

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

Stephen F. Chrabaszcz, Jr., et al

v. C.A. No. 03-133 S

Johnston School Committee, both
Individually and as Committee Members, et al.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO THE PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANTS' CONSULTATION WITH THEIR LEGAL COUNSEL**

## I. INTRODUCTION

Plaintiff seeks to preclude "any and all evidence regarding defendants' consultations with counsel seeking legal advice related to his decision to place plaintiff on administrative leave". Plaintiff's motion is prompted by the anticipated testimony of defendant, Dr. Jolin who was the Superintendent of the Johnston School Department when the plaintiff was placed on administrative leave. In his deposition testimony, Dr. Jolin indicated that, in general, he would only place someone on administrative leave upon advice from his attorney. In fact he was asked if he ever decided a leave issue on his own and his response was "not without legal advice". (Deposition transcript of Dr. Jolin taken on February 20, 2004, at Page 16).

In fact, when he was asked to explain his decision to place the plaintiff on administrative leave, Dr. Jolin responded that it was "based mostly on the advice of legal counsel and of the Interlocal Trust". (Deposition of Dr. Jolin taken on February 20, 2004, at Page 76).

It is anticipated that Dr. Jolin will testify in a consistent manner at trial. Defendants believe this testimony is truthful, factual and therefore material and relevant and so object to the plaintiff's motion in limine.

## II. ARGUMENT

Defendants contend there is a distinction between the admission of this evidence and its use by either this Court or the jury. It is a fact that Dr. Jolin relied on his attorney's advice and on the advice of the administrator of the Town's combined pool of insurance. The requested order by the plaintiff would, in effect, force Dr. Jolin to alter the actual facts and testify in an untruthful manner. The preclusion of this evidence would create an inference to the jury that Dr. Jolin made rash decisions without proper thought and consultation. When, the opposite is true.

The use of this testimony by the jury is subject to direction by this Court. The Court may, if appropriate, instruct the jury that the ultimate responsibility for the plaintiff's administrative leave lies with Dr. Jolin notwithstanding any advice he received along the way. Plaintiff's reliance on *Molloy vs. Warwick, 907 F. Supp. 46 (D.R.I. 1995)* is misplaced. In *Molloy* the defendants argued that the advice of counsel entitled them to qualified immunity. The decision turned on whether the law in issue was "clearly established". Therefore, the Court in *Molloy* determined that reliance on the advice of counsel could not be invoked for a qualified immunity defense.

*Molloy* does not stand for the proposition that this type of evidence is inadmissible at trial. Indeed, in *Molloy* this evidence was presented to the jury.[1]

[1] The First Circuit decision determined that the lower Courts grant of a directed verdict in favor of the plaintiff on the procedural due process claim (thereby taking into account the lower Courts denial of defendants' claim of immunity) was a "close call". *Molly vs. Blanchard, 115 F.3d 86, 90 (1st Cir. 1997).* The First Circuit found it did not need to address this issue since it determined that the plaintiff's Title VII claim would be affirmed and the outcome would not affect the damages awarded to the plaintiff. id at 90.

## III. CONCLUSION

For the aforementioned reasons, defendants respectfully request that the plaintiff's motion in limine be denied.

Defendants,
By their Attorneys,

Marc DeSisto

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 10th day of May, 2006, to the following:

Jeffrey D. Sowa, Esq. (#5764)
67 Cedar Street, Suite 102
Providence, RI 02903

Laura Soy