DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEPHEN F. CHRABASZCZ, JR., et. al. | : | |
| | : | |
| v. | : | C.A. No. 03-133S |
| | : | |
| JOHNSTON SCHOOL COMMITTEE, et. al. | : | |
| | : | |

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR COMPLAINT**

Now come Plaintiffs Stephen Chrabaszcz, Jr., Barbara Chrabaszcz, Jessica Chrabaszcz, Stephen Chrabaszcz III and Adam Chrabaszcz (hereinafter "Plaintiffs") and hereby move to Amend their Complaint to add a claim, pursuant to Fed. R. Civ. P. 15, to add an additional count for Deprivation of Stephen F. Chrabaszcz's Right to Privacy, particularly, placing him in a false light in the community (R.I.G.L. § 9-1-28.1(a)(4)). As grounds therefore, Plaintiffs rely on the Memorandum attached hereto.

Plaintiffs,
By Their Attorneys,

Jeffrey D. Sowa, Esq. #5764
Christopher D. DiSano, Esq. #6788
LaPlante & Sowa, Ltd.
67 Cedar Street, Suite 102
Providence, RI 02903
(401) 273-0200 (telephone)
(401) 273-02500 (facsimile)

**CERTIFICATION**

Marc DeSisto, Esquire.
Desisto Law
211 Angell Street
PO Box 2563
Providence, RI 02906

I hereby certify that on this 11th day of May, 2006, I sent by first class mail, postage prepaid, a copy of the within document to the above-listed counsel.

DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEPHEN F. CHRABASZCZ, JR., et. al. | : | |
| | : | |
| v. | : | C.A. No. 03-133S |
| | : | |
| JOHNSTON SCHOOL COMMITTEE, et. al. | : | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND THEIR COMPLAINT**

Now come Plaintiffs Stephen Chrabaszcz, Jr., Barbara Chrabaszcz, Jessica Chrabaszcz, Stephen Chrabaszcz III and Adam Chrabaszcz (hereinafter "Plaintiffs") and hereby move to Amend their Complaint to add a claim, pursuant to Fed. R. Civ. P. 15, to add an additional count for Deprivation of Stephen F. Chrabaszcz's Right to Privacy (particularly, placing him in a false light in the community) (R.I.G.L. § 9-1-28.1(a)(4)). As grounds therefore, Plaintiffs state as follows:

## I. Argument

It is well settled that Fed.R.Civ.P. 15(a) encourages a lenient approach to motions to amend: "leave shall be freely given when justice requires." It is within a court's discretion to grant or deny a motion to amend, *Johnston v. Holiday Inns, Inc.*, 595 F.2d 890, 896 (1st Cir. 1979), based on the balancing of several factors, including futility, delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previously allowed amendments, and most importantly, prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962). *If there is no prejudice,*

*leave to amend in most cases should be granted. See e.g.,* Corey v. Look, 641 F.2d 32, 38 (1st Cir. 1981). Manchester v. National Gypsum Co., 637 F. Supp. 646 (D.R.I. 1986). (Emphasis added.)

In the instant case, no prejudice will result to Defendants should Plaintiffs be permitted to Amend their Complaint to include a count for false light. For our purposes, R.I.G.L. 9-1-28.1 et. seq., which codifies a claim for deprivation of a privacy right (portrayal in a false light), is most instructive:

**Right to privacy -- Action for deprivation of right.** -- (a) Right to privacy created. It is the policy of this state that every person in this state shall have a right to privacy which shall be defined to include any of the following rights individually:

(4) The right to be secure from publicity that reasonably places another in a false light before the public;

(i) In order to recover for violation of this right, it must be established that:

(A) There has been some publication of a false or fictitious fact which implies an association which does not exist;

(B) The association which has been published or implied would be objectionable to the ordinary reasonable man under the circumstances."

To prevail in an action under § 9-1-28.1(a)(4), a plaintiff must prove that "there has been some publication of a false or fictitious fact which implies an association which does not exist; [and] the association which has been published or implied would be objectionable to the ordinary reasonable [person] under the circumstances." Alves v. Hometown Newspapers, Inc., 857 A.2d 743 (R.I. 2004).

In the instant case, Defendants will suffer no prejudice should Plaintiffs be allowed to amend their Complaint. Plaintiffs advance this claim of false light out of an abundance of caution, as it falls within the ambit of defamation law and damage to reputation. Defendants have already been afforded the opportunity to examine Plaintiff Stephen Chrabaszcz, and additional witnesses, regarding issues arising out of the same facts and circumstances referenced in the Complaint Therefore, no additional discovery is necessary for Defendants and, correspondingly, Defendants cannot meritoriously claim prejudice should Plaintiffs' Complaint be amended to add this cause of action.

As a result of the aforementioned, as well as the liberal stance towards amending pleadings adopted by this Honorable Court, Plaintiffs respectfully request that the instant motion to amend be granted.

Plaintiffs,
By Their Attorneys,

Jeffrey D. Sowa, Esq. #5764
Christopher D. DiSano, Esq. #6788
LaPlante & Sowa, Ltd.
67 Cedar Street, Suite 102
Providence, RI 02903
(401) 273-0200 (telephone)
(401) 273-02500 (facsimile)

**CERTIFICATION**

Marc DeSisto, Esquire.
Desisto Law
211 Angell Street
PO Box 2563
Providence, RI 02906

I hereby certify that on this 11th day of May, 2006, I sent by first class mail, postage prepaid, a copy of the within document to the above-listed counsel.

Corinna A. Sorrells