**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STEPHEN F. CHRABASZCZ, JR., et. al. | : | |
| | : | |
| v. | : | C.A. No. 03-133S |
| | : | |
| JOHNSTON SCHOOL COMMITTEE, et. al. | : | |

**PLAINTIFFS' MOTION SEEKING MODIFICATION/CLARIFICATION OF JUDGMENT**

Now come Plaintiffs, Stephen F. Chrabaszcz, Jr., Barbara Chrabaszcz, Jessica Chrabaszcz, Stephen Chrabaszcz, III, and Adam Chrabaszcz (hereinafter referred to as "Plaintiffs") in the above-captioned matter and, pursuant to Fed. R. Civ. 60, and hereby request a clarification of the Judgment entered on May 22, 2006, by Judge William E. Smith.

As grounds therefore, Plaintiffs rely on the attached Memorandum of Law in support thereof.

Plaintiffs,
By Their Attorneys,

Jeffrey D. Sowa, Esq. #5764
Christopher D. DiSano, Esq. #6788
LaPlante & Sowa, Ltd.
67 Cedar Street, Suite 102
Providence, RI 02903
(401) 273-0200 (telephone)
(401) 273-02500 (facsimile)

**CERTIFICATION**

Marc DeSisto, Esquire.
Desisto Law
211 Angell Street
PO Box 2563
Providence, RI 02906

I hereby certify that on this 1st day of June, 2006, I sent by first class mail, postage prepaid, a copy of the within document to the above-listed counsel.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STEPHEN F. CHRABASZCZ, JR., et. al. | : | |
| | : | |
| v. | : | C.A. No. 03-133S |
| | : | |
| JOHNSTON SCHOOL COMMITTEE, et. al. | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION SEEKING MODIFICATION/CLARIFICATION OF JUDGMENT**

## I. Brief Procedural History

On or about May 18, 2006, a jury rendered a favorable verdict for Plaintiffs Stephen F. Chrabaszcz, Jr., Barbara Chrabaszcz, Stephen F. Chrabaszcz, III, Jessica Chrabaszcz and Adam Chrabaszcz (hereinafter "Plaintiffs") (hereinafter the "Verdict Form," a copy of which is in the possession of this Honorable Court). Thereafter, on or about May 22, 2006, this Honorable Court Entered Judgment in favor of Plaintiffs in the aggregate amount of One Hundred Sixty-One Thousand Five-Hundred Sixty-Three and no/100 Dollars ($161,563.00), (hereinafter the "Judgment," attached hereto as **Exhibit** 1). The Judgment rendered in favor of Plaintiffs and against the Town of Johnston and Dr. Michael Jolin concerned claims for Breach of Contract, Defamation and Loss of Consortium.[1]

[1] Defendants Johnston School Committee, David Santilli, Robert LaFazia, Geraldine Loffredo, Richard Delfino, Robin Carlone, Peter Voccio, Jr. and Patricia Pitocchi, in accordance with this Honorable Court's Order granting Judgment as a Matter of Law, have had Judgment entered in their favor. Plaintiffs' claim for deprivation of liberty interest under 28 U.S.C. §1983 was also denied by this Honorable Court's ruling in favor of Defendants' Motion for Judgment as a Matter of law.

While the Judgment of this Honorable Court reflects the baseline amount awarded to Plaintiffs, the Judgment fails to reflect: (1) the Jury's mandate in the Verdict Form that "100% Attorneys Fees" be awarded; and (2) an award of prejudgment interest pursuant to R.I.G.L. §9-21-10. As a result, Plaintiffs respectfully request, under Fed. R. Civ. P. 60, that this Honorable Court clarify and/or modify said Judgment through inclusion of the same.

## II. Argument

Fed. R. Civ. P. 60 provides as follows:

> (a) CLERICAL MISTAKES. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

### A. "100% Attorneys Fees"

On May 18, 2006, the Jury expressly provided for "100% attorneys' fees" on the Verdict Form completed by Jury Foreman, Dr. David Maddock. Such an express mandate unequivocally demonstrates the jury's intent to see that Plaintiffs are awarded all attorney's fees associated with Plaintiff's administrative leave, nonrenewal and the instant litigation.

Despite the same, the aforementioned express mandate of the Jury was not transcribed/transferred to the May 22, 2006 Judgment accordingly. The failure to transcribe the same constitutes a ministerial error capable of remediation by the Court *sua sponte*, or upon a Rule 60 Motion such as the instant one.

For our purposes, the Second Circuit case of McGuire v. Russell-Miller, Inc., 1 F.3d 1306 (2nd Cir. 1993) is most instructive. In McGuire, the underlying litigation arose over a dispute of value exchanged in connection with a corporate merger. Id. The jury found in favor of the defendants and awarded roughly Three Hundred Thousand and no/100 Dollars ($300,000). Id. at 1308.

However, Question Twenty-Two (22) of the special verdict form asked the jury:

> Did McGuire (Plaintiff) agree, in the Merger Agreement or in the surrounding facts and circumstances, to indemnify Tilden (Defendant) for: the breach of any warranty in connection with the merger agreement; any claim brought against Tilden relating to the Premium Trust Account; or all costs, including attorneys' fees, arising out of any claim arising out of the transaction?

Id. at 1309.

Importantly, like the case at bar, the "Indemnification" provision of the merger agreement provided as follows:

> Indemnification by McGuire and the McGuire Shareholder: The McGuire Shareholder hereby agrees to indemnify, defend, and hold Tilden harmless after the Closing Date from and against any/all of the following:
>
> E. All costs assessments, judgments and demands (including costs of defense, settlement, compromise, and reasonable attorneys' fees) arising out of any claim, or the defense, settlement or compromise thereof, made with respect to paragraphs 8.1A through 8.1D.[2]

Id. Notably, the jury responded to Question 22 in the affirmative. Id.

The verdict form in McGuire did not include a question about the amount of such fees. Accordingly, the jury did not compute the amount of fees defendants were entitled

[2] Plaintiff Stephen F. Chrabaszcz's Agreement "Indemnification" Section states, in similar fashion: "The School Committee will fully indemnify and/or defend the Administrator for any and all personal financial loss and expenses, including legal fees and costs, arising out of any claim, action, ward, compromise, settlement or judgment attributable to any act or omission of the Administrator while acting in good faith within the scope of his/her duties or employment. Such indemnification may be provided by insurance or otherwise."

to recover. Id. Based upon the jury's findings, the district court refused to award attorneys' fees. It held that while the indemnity provision clearly contemplated inclusion of attorneys' fees, and the jury so held, no proof as to the amount of any fees was presented. No basis, therefore, for such an award was presented.[3] Id.

The defendants argued they should have received reasonable attorneys' fees as a result of the jury's answer to Question 22. The Second Circuit agreed. Id. at 1312-17.

In short, the defendants argued that the judgment, much like the Judgment in the instant case, ignored the jury's finding that defendants were entitled to recover attorneys' fees. The plaintiff argued that it was defendants' burden to prove all its contractual damages, including attorneys' fees, by the requisite degree of proof at trial, and that the district court found properly that defendants failed to prove at trial the amount of attorneys' fees. Id. at 1312. The defendants then responded that, although plaintiff had the right to have the jury decide whether he was liable for attorneys' fees, once the jury decided the same, the amount and reasonableness of such fees were a question for the judge. Id. at 1312-13. Defendants, like Plaintiffs here, argue that it would be impossible for them to prove the amount of attorneys' fees at trial, because that amount was still accruing. Id. at 1312.

In short, the Second Circuit found that it was not unreasonable for defendants to assume that the court would decide the amount of attorneys' fees at a post-trial hearing if the jury found that plaintiff was liable for attorneys' fees. Id. at 1313. The court further stated, "today we make law out of what was previously common sense: when a contract provides for an award of attorneys' fees, the jury is to decide at trial whether a party may

[3] In the instant case, this Honorable Court apparently intimated a similar sentiment just prior to charging the jury in response to the undersigned's inquiry about segregation of the jury's finding on attorneys' fees from each of the remaining counts.

recover such fees; if the jury decides that a party may recover attorneys' fees, then the judge is to determine a reasonable amount of fees." Id. at 1313 (emphasis added). Once the jury decided that plaintiff was liable for attorneys' fees, the district court should have determined the amount of such fees. The amount of attorneys' fees owed was not an issue of fact that required proof at trial; it was an issue for the court to review after a finding of liability. Id. at 1316.

Here, the facts are strikingly similar. The Jury provided, on the Verdict Form, for an award of "100% attorneys' fees." Such award was not translated to the Judgment. Simply put, this mandate of the jury should have been so transferred. The Jury was well within its purview to decide, based upon the breach of contract and Section XVI of the Agreement, that Plaintiffs were entitled to attorneys' fees based upon Defendants breach of the Agreement.

Importantly, the Plaintiff need not have presented proof of the amount of fees as trial as a prerequisite to recover fees. In fact, since Jury the appropriately found Defendants liable for fees, it is now entrusted to this Honorable Court to determine the reasonableness and amount of the same. Accordingly, just as the court in McGuire reinstated the jury's award of attorneys' fees to defendants and remanded to determine the exact amount in McGuire, so too should this Honorable Court modify the Judgment to include the Jury's finding that Defendants are "100%" **liable** for attorneys fees.

**B. Prejudgment Interest**

R.I.G.L. § 9-21-10 states, in pertinent part, as follows:

(a) In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest as the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued, which shall be included in the judgment entered

> therein. Post judgment interest shall be calculated at the rate of twelve percent (12%) per annum and accrue on both the principal amount of the judgment and the prejudgment interest entered therein. This section shall not apply until entry of judgment or to any contractual obligation where interest is already provided. (emphasis added).[4]

In the instant case, the Judgment does not reference Plaintiffs entitlement to prejudgment interest pursuant to R.I.G.L. § 9-21-10. Instead, this Honorable Court's Judgment reflects only the "baseline" pecuniary damages award (See **Exhibit 1**). Clearly, various courts have provided that, where a Judgment fails to reflect an award of statutorily provided prejudgment interest, such an omission is "clerical" in nature and capable of remediation via a Rule 60 Motion, such as the instant one. Scola v. Boat Frances R., Inc., 618 F.2d 147, 153 (1st Cir. 1980); Dudley v. Penn-America Ins. Co., 313 F.3d 663, 665 (2d. Cir. 2002) (district court's failure to award prejudgment interest as required by law was clerical error subject to correction under Rule 60(a).) In short, these cases find that correction to reflect statutorily provided interest is merely ministerial, rather than discretionary, and thus easily addressed by a Rule 60 Motion.

Here, August 31, 2000 is the latest date of the accrual of Plaintiffs' cause of action for breach of contract.[5] Moreover, Plaintiffs cause of action for breach of contract also included the "Indemnification" provision which expressly provides for attorneys' fees. In other words, Plaintiffs need not, and are not, seeking attorneys' fees solely as a separate award from the underlying breach. The very Agreement at issue – and breached

---

[4] In addition, Plaintiffs respectfully requested that just-judgment interest also be assessed in accordance with R.I.G.L. § 9-21-10.

[5] The Agreement requires that the evaluation be provided by August, 2000.

by Defendants[6] – included the "Indemnification" or "attorneys' fees" section and, as such prejudgment interest should attach from the date of the breach of that section and, consequently, the Agreement. [7]

As for Defamation (and, derivatively, Loss of Consortium) the date of accrual is October 3, 2000, at the latest. As such, Plaintiffs respectfully request that this Honorable Court modify/clarify the Judgment to reflect statutory interest from such dates, as is clearly so provided by R.I.G.L. § 9-21-10.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

1) Modify the Judgment to reflect an award of statutorily prescribed pre-judgment interest;
2) Modify the Judgment to reflect the jury's express mandate that Plaintiff be awarded "100% attorneys' fees"; and
3) Grant such other and further relief as this Honorable Court deems just and proper.

[6] Attorneys fees were requested via correspondent on June 28, 2000, and never provided.

[7] The issue that an award of attorneys' fees is part of the Judgment in this case and, as such, prejudgment interest is also recoverable on such an award will be discussed in further detail in Plaintiffs Motion for attorneys' fees.

Plaintiffs,
By Their Attorneys,

Jeffrey D. Sowa, Esq. #5764
Christopher D. DiSano, Esq. #6788
LaPlante & Sowa, Ltd.
67 Cedar Street, Suite 102
Providence, RI 02903
(401) 273-0200 (telephone)
(401) 273-02500 (facsimile)

**CERTIFICATION**

Marc DeSisto, Esquire.
Desisto Law
211 Angell Street
PO Box 2563
Providence, RI 02906

I hereby certify that on this 1st day of June, 2006, I sent by first class mail, postage prepaid, a copy of the within Memorandum to the above-listed counsel.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**JUDGMENT IN A CIVIL CASE**

STEPHEN F. CHRABASZCZ, JR, ET AL
Plaintiff

V. Case Number: C.A. NO. 03-133S

JOHNSTON SCHOOL COMMITTEE, ET AL
Defendant

**X Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

**X Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

**In accordance with the jury's verdict, Judgment shall enter in favor of the Plaintiffs against the Defendants, Town of Johnston and Michael Jolin as follows:**

**Stephen F. Chrabaszcz, Jr in the amount of $131,563.00;**
**Barbara Chrabaszcz in the amount of $15,000.00;**
**Stephen F. Chrabaszcz, III in the amount of $5,000.00;**
**Jessica Chrabaszcz in the amount of $5,000.00;**
**Adam Chrabaszcz in the amount of $5,000.00;**

**Judgment shall enter in favor of the defendants, The School Committee of the Town of Johnston, David J. Santilli, Robert LaFaziz, Geraldine Loffredo, Richard Delfino, Robin Carlone, Peter Voccio, Jr., and Patricia Pitocchi, in accordance with this Court's order granting these defendants' Motion for Judgment as a Matter of Law.**

May 22, 2006
Date

Clerk

(By) Deputy Clerk