**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

STEPHEN F. CHRABASZCZ, JR., et. al. :
:
v. : C.A. No. 03-133S
:
JOHNSTON SCHOOL COMMITTEE, :
et. al. :

**PLAINTIFFS' MOTION SEEKING AN AWARD OF ATTORNEYS' FEES**

Now come the Plaintiffs Stephen F. Chrabaszcz, Jr., Barbara Chrabaszcz, Jessica Chrabaszcz, Stephen Chrabaszcz, III, and Adam Chrabaszcz (hereinafter referred to as "Plaintiffs") in the above-captioned matter and, pursuant to Rule 54.1, hereby request an award of attorneys' fees.

As grounds therefore, Plaintiffs rely on the Memorandum and supporting documents attached thereto as exhibits.

Plaintiffs,
By Their Attorneys,

Jeffrey D. Sowa, Esq. #5764
Christopher D. DiSano, Esq. #6788
LaPlante & Sowa, Ltd.
67 Cedar Street, Suite 102
Providence, RI 02903
(401) 273-0200 (telephone)
(401) 273-02500 (facsimile)

**CERTIFICATION**

Marc DeSisto, Esquire.
Desisto Law
211 Angell Street
PO Box 2563
Providence, RI 02906

I hereby certify that on this 5th day of June, 2006, I sent by first class mail, postage prepaid, a copy of the within document to the above-listed counsel.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STEPHEN F. CHRABASZCZ, JR., et. al. | : | |
| | : | |
| v. | : | C.A. No. 03-133S |
| | : | |
| JOHNSTON SCHOOL COMMITTEE, et. al. | : | |

**PLAINTIFFS' MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR MOTION**
**SEEKING AN AWARD OF ATTORNEYS' FEES**

Now come Plaintiffs, Stephen F. Chrabaszcz, Jr., Barbara Chrabaszcz, Jessica Chrabaszcz, Stephen Chrabaszcz, III, and Adam Chrabaszcz (hereinafter collectively referred to as "Plaintiffs") in the above-captioned matter and, pursuant to Rule 54.1, hereby request an award of attorneys' fees.

## I. Brief Procedural History

In or about the Spring of 2000, Plaintiff Stephen F. Chrabaszcz, Jr., then Assistant Principal for Johnston High School in the Town of Johnston, was placed on administrative leave and banned from school premises until such time as his contract- a one (1) year contract – could be non-renewed by the Defendants, the Town of Johnston and Dr. Michael Jolin (hereinafter "Defendants"). In connection with the same, Defendants breached the contract of Plaintiff, Stephen F. Chrabaszcz, Jr., and defamed his good name. Almost immediately, various forms of litigation ensued stemming from the aforementioned conduct of Defendants. On April 9, 2003, the instant action (hereinafter the "Action") was filed with this Honorable Court.

On or about May 18, 2006, after approximately six (6) years of intense litigation attempting to clear his name, a jury rendered a favorable verdict for Plaintiffs (See "Verdict Form," attached hereto as **Exhibit 1**). Thereafter, on or about May 22, 2006, this Honorable Court Entered Judgment in favor of Plaintiffs in the aggregate amount of One Hundred Sixty One Thousand Five Hundred Sixty-Three and no/100 Dollars ($161,563.00) (hereinafter the "Judgment," attached hereto as **Exhibit 2**). The Judgment rendered in favor of Plaintiffs and against the Town of Johnston and Dr. Michael Jolin concerned claims for Breach of Contract, Defamation and Loss of Consortium.

## II. Argument

### A. Plaintiffs are entitled to their fees on all successful claims.

**The Jury's Express Mandate**

On or about May 18, 2006, the jury empanelled to hear the instant case returned a Verdict Form (See **Exhibit 1**) finding in favor of Plaintiffs on their Counts for Breach of Contract, Defamation and Loss of Consortium. Although the Verdict Form did not expressly provide a section addressing the provision of attorneys' fees, the jury saw fit to expressly mandate that the Defendants reimburse Plaintiffs for "100% Attorneys Fees."[1] Such an express mandate unequivocally demonstrates the jury's intent to see that Plaintiffs are awarded attorneys' fees in connection with all claims and actions associated with clearing Plaintiff's name.

For our purposes, the Second Circuit case of McGuire v. Russell-Miller, Inc., 1 F.3d 1306 (2nd Cir. 1993) is most instructive. In McGuire, the underlying litigation arose

[1] See Plaintiffs' Motion for Modification/Clarification of the Judgment.

over a dispute of value exchanged in connection with a corporate merger. Id. The jury found in favor of the defendants and awarded roughly Three Hundred Thousand and no/100 Dollars ($300,000). Id. at 1308.

However, Question Twenty-Two (22) of the special verdict form asked the jury:

> Did McGuire (Plaintiff) agree, in the Merger Agreement or in the surrounding facts and circumstances, to indemnify Tilden (Defendant) for: the breach of any warranty in connection with the merger agreement; any claim brought against Tilden relating to the Premium Trust Account; or all costs, including attorneys' fees, arising out of any claim arising out of the transaction?

Id. at 1309.

Importantly, like the case at bar, the "Indemnification" provision of the merger agreement provided as follows:

> Indemnification by McGuire and the McGuire Shareholder: The McGuire Shareholder hereby agrees to indemnify, defend, and hold Tilden harmless after the Closing Date from and against any/all of the following:
>
> E. All costs assessments, judgments and demands (including costs of defense, settlement, compromise, and reasonable attorneys' fees) arising out of any claim, or the defense, settlement or compromise thereof, made with respect to paragraphs 8.1A through 8.1D.[2]

Id. Notably, the jury responded to Question 22 in the affirmative. Id.

The verdict form in McGuire did not include a question about the amount of such fees. Accordingly, the jury did not compute the amount of fees defendants were entitled to recover. Id. Based upon the jury's findings, the district court refused to award attorneys'

[2] Plaintiff Stephen F. Chrabaszcz's Agreement "Indemnification" Section states, in similar fashion:

"The School Committee will fully indemnify and/or defend the Administrator for any and all personal financial loss and expenses, including legal fees and costs, arising out of any claim, action, ward, compromise, settlement or judgment attributable to any act or omission of the Administrator while acting in good faith within the scope of his/her duties or employment. Such indemnification may be provided by insurance or otherwise."

fees. It held that while the indemnity provision clearly contemplated inclusion of attorneys' fees, and the jury so held, no proof as to the amount of any fees was presented. No basis, therefore, for such an award was presented.[3] Id.

The defendants argued they should have received reasonable attorneys' fees as a result of the jury's answer to Question 22. The Second Circuit agreed. Id. at 1312-17.

In short, the defendants argued that the judgment, much like the Judgment in the instant case, ignored the jury's finding that defendants were entitled to recover attorneys' fees. The plaintiff argued that it was defendants' burden to prove all its contractual damages, including attorneys' fees, by the requisite degree of proof at trial, and that the district court found properly that defendants failed to prove at trial the amount of attorneys' fees. Id. at 1312. The defendants then responded that, although plaintiff had the right to have the jury decide whether he was liable for attorneys' fees, once the jury decided the same, the amount and reasonableness of such fees were a question for the judge. Id. at 1312-13. Defendants, like Plaintiffs here, argue that it would be impossible for them to prove the amount of attorneys' fees at trial, because that amount was still accruing. Id. at 1312.

In short, the Second Circuit found that it was not unreasonable for defendants to assume that the court would decide the amount of attorneys' fees at a post-trial hearing if the jury found that plaintiff was liable for attorneys' fees. Id. at 1313. The court further stated, "today we make law out of what was previously common sense: when a contract provides for an award of attorneys' fees, the jury is to decide at trial whether a party may recover such fees; if the jury decides that a party may recover attorneys' fees, then the

[3] In the instant case, this Honorable Court apparently intimated a similar sentiment just prior to charging the jury in response to the undersigned's inquiry about segregation of the jury's finding on attorneys' fees from each of the remaining counts.

judge is to determine a reasonable amount of fees." Id. at 1313 (emphasis added). Once the jury decided that plaintiff was liable for attorneys' fees, the district court should have determined the amount of such fees. The amount of attorneys' fees owed was not an issue of fact that required proof at trial; it was an issue for the court to review after a finding of liability. Id. at 1316.

Here, the facts are strikingly similar. The Jury provided, on the Verdict Form, for an award of "100% attorneys' fees." Such award was not translated to the Judgment. Simply put, this mandate of the jury should have been so transferred. The Jury was well within its purview to decide, based upon the breach of contract and Section XVI of the Agreement, that Plaintiffs were entitled to attorneys' fees based upon Defendants breach of the Agreement, namely, the Indemnification provision.

Importantly, the Plaintiff need not have presented proof of the amount of fees at trial as a prerequisite to recover those fees. Rather, the jury was presented with the Agreement (which mandated attorneys' fees upon request), the request made for attorneys' fees by Attorney Stephen Reid on behalf of Plaintiff,[4] and evidence of the extensive legal proceedings that resulted from Plaintiff's ongoing attempt to clear his name after allegations were made against him involving his conduct as an administrator. From that evidence, the jury strongly mandated that Plaintiffs be awarded One Hundred Percent (100%) attorneys' fees as consequential damages flowing from Defendants' breach of the Agreement. Thus, it is now entrusted to this Honorable Court to determine the

---

[4] As previously mentioned, the Agreement broadly defines the circumstances for which the Plaintiff is provided indemnity:

"The School Committee will fully indemnify and/or defend the Administrator for any and all personal financial loss and expenses, including legal fees and costs, arising out of any claim, action, ward, compromise, settlement or judgment attributable to any act or omission of the Administrator while acting in good faith within the scope of his/her duties or employment. Such indemnification may be provided by insurance or otherwise."

reasonableness and amount of the same. As such, Plaintiffs, pursuant to Local Rule 54.1, and the jury's findings respectfully request an award of reasonable attorneys' fees arising out of the actions and claims attributable to any act or omission by Plaintiff, including those accrued during the administrative leave, the appeal of the nonrenewal, and the attempts to clear his name through this instant action.

Plaintiff is also entitled to pre-judgment interest on the attorneys' fees award mandated by the jury. Pursuant to R.I.G.L. 9-21-10, "in any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court *to the amount of damages* interest at the rate of twelve percent (12 %) per annum thereon from the date the cause of action accrued." R.I.G.L 9-21-10 <Emphasis Added.> Since the attorneys' fee award mandated by the jury was required by the Agreement and involves damages directly flowing from the Defendants' breach (and not punitive in nature), then they are subject to statutory interest. Prejudgment interest on the attorney's fees may be awarded as a portion of the damages. See Patry v. Liberty Mobilehomes Sales, Inc., 475 N.E.2d 392, 394 (Mass.Supreme 1985) (if attorneys fees are part of plaintiff's damages interest should be awarded on attorneys fees); DiBenedetto v. Lawless, 1996 Mass. Super. LEXIS 455, 28 (entitled to prejudgment interest for awards on claims in which attorneys fees and costs were an element of damages). Furthermore, there are significant policy interests present that require the addition of statutory prejudgment interest on the attorneys' fees awarded by the jury in this case. Where a litigant is unable to pay an attorney, " ... an attorney must rely on the hope of securing a future award of

attorney's fees..." and the prejudgment interest necessary where compensation is not received until years later. Data General Corp v. Grumman, 825 F.Supp. 361, 368 (Mass. 1993) (citing Missouri v. Jenkins, 491 U.S. 274, 283 (1989).

Thus, Plaintiffs respectfully request that statutory interest be added to any award of attorneys' fees by this court.

**R.I.G.L. § 9-1-45**

In addition the express mandate of the Jury to award the consequential damages, R.I.G.L. § 9-1-45 provides Plaintiff a separate vehicle for the provision of attorneys' fees in the instant action. Specifically, R.I.G.L. § 9-1-45 states as follows:

> **Attorney's fees in breach of contract actions.** The court may award a reasonable attorney's fee to the prevailing party in any civil action arising from a breach of contract in which the court:
>
> (1) Finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party; or
>
> (2) Renders a default judgment against the losing party.

In the instant case, Plaintiff Stephen Chrabaszcz's Employment Agreement (hereinafter the "Agreement," Tr. Exhibit 2) stated as follows:

> **Section XIII** **EVALUATION**
>
> The Superintendent (Defendant Jolin) shall evaluate the performance of the Administrator annually based minimally on the following standards of evaluation: a) relevant language contained in this contract; b) the policies and directives of the Committee; c) the policies and directives of the Superintendent; d) the job description for the position assigned; e) the annual school and individual improvement goals; and f) professional growth. Documented weak performance, an inadequate professional growth plan and/or follow-through, and/or poor fiscal management are some causes for the Superintendent to mandate a plan designed to lead to satisfactory performances. Failure to achieve the goals of such a plan within a reasonable amount of time may lead to consequences such as non-renewal of this Contract or action to terminate the contract prior to its expiration. The only occasion in

which the Superintendent will designate an evaluation of an Administrator be completed by another Administrator would be in the case of an Assistant Principal being review by the Principal. Generally these evaluations shall be completed between May and August.

No material derogatory to an Administrator's conduct, service, character or personality will be placed in his/her personnel file unless the Administrator has had an opportunity to review such material. Excluded from this condition is material such as confidential references received at the time of the Administrator's initial employment. The Administrator will acknowledge that he/she has had an opportunity to review such material affixing his/her signature to the copy to be filed, with the express understanding that such signature in no way indicates agreement with the contents thereof. The Administrator will also have the right to submit a written answer to such material, and his/her answer shall be reviewed by the Superintendent and attached to the file copy.

An administrator shall be permitted to inspect the content of his/her personnel folder, and to use the System's copying equipment to make copies of such contents and records as concern his/her work or him/herself. Excluded are documents of a confidential nature received prior to employment.

**SECTION XVI** **INDEMNIFICATION**

The School Committee will fully indemnify and/or defend the Administrator for any and all personal financial loss and expenses, including legal fees and costs, arising out of any claim, action, ward, compromise, settlement or judgment attributable to any act or omission of the Administrator while acting in good faith within the scope of his/her duties or employment. Such indemnification may be provided by insurance or otherwise.

Reading the Agreement in conjunction with R.I.G.L. § 9-1-45 and analyzing the evidence presented at trial underscores Plaintiffs entitlement to fees. It is uncontroverted that Defendant Dr. Michael Jolin never evaluated Plaintiff Stephen F. Chrabaszcz, Jr. as contemplated by Section XIII of the Agreement. In fact, Defendants wholly failed to introduce a mere scintilla of evidence that Defendant Jolin either evaluated Plaintiff or even attempted to evaluate Plaintiff during his employment. Defendants even

acknowledged to the Court that no evaluation was ever performed. (See Almond Decision, at p. 28) As such, pursuant to R.I.G.L. 9-1-45, Defendants have not presented any justiciable issue of fact relative to their outright denial and/or refusal – resulting in breach - to provide Plaintiff with an evaluation.

Section XVII of Agreement

Finally, pursuant to the broad, express language of Section XVI above, Plaintiff should have been afforded his attorneys' fees as a matter of course. Despite expressly requesting that he be reimbursed for fees incurred, however, Defendants refused to so compensate the Plaintiff. Under the express language of Section XVI of the Agreement, Plaintiff is entitled to attorneys' fees and Defendants failure to provide the same constitutes a breach of that Agreement. Again, Defendants have not presented any justiciable issue of fact relative to their outright denial and/or refusal – resulting in breach – to provide Plaintiff with his attorneys' fees despite the request for the same.

For those reasons, Plaintiff is entitled to an award of attorneys' fees pursuant to R.IG.L. 9-1-45.

**B. Legal Standard: Calculation of Fees – The Lodestar Method**

Once a statutory or contractual basis for allowing recovery of attorneys' fees has been realized, the District Court is responsible for determining what fee is "reasonable" under 17 U.S.C. 505, 15 U.S.C. 1177, and state law. The starting point is to determine the lodestar; that is, to multiply the number of hours reasonably expended, by a reasonable hourly rate. Hensley v. Eckerhart, 103 S.Ct. 1933, 1939 (1983). Once established, the

lodestar is the presumptively reasonable fee, although some upward and downward adjustments are allowed. Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992). Requests for fees, however, "should not result in a second major litigation." See Hensley, 103 S.Ct. at 1941.

Next, contemporaneous time records are necessary to make an intelligent lodestar calculation. Weinberger v. Great Northern Nekoosa Corp., 925 F.2d 518, 527 (1st Cir. 1991). "The absence of contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance." Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952 (1st Cir. 1984). In the instant case, contemporaneous time and/or billing entries are attached hereto as **Exhibit 3**. The Court should use the contemporaneous time records to determine "the reasonableness of the hours spent and the hourly rate sought." In re Spillane, 884 F.2d 642, 647 (1st Cir. 1989).

In determining the reasonableness of fees charged, the court calculates the time counsel spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies prevailing rates in the community (See Affidavit of Attorney Patricia Andrews, attached hereto as Exhibit 3). Carlow v. Mruk, 2005 U.S. Dist. LEXIS 7258 (D.R.I. 2005).

In determining a reasonably hourly rate, the Supreme Court has recommended that courts use the prevailing market rates in the relevant community as the starting point. Id. Prevailing market rates are defined as "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.[5]

[5] Importantly, although there are some enumerated exceptions and exclusions, the District Court's discretion is extremely broad with respect to fee awards and "a reasonable fee involves a series of judgment calls such that an appellate court is far more likely to defer to the trial court in reviewing fee computations than in many other circumstances." See Lipsett, 975 F.2d at 937.

In the instant case, Plaintiffs have submitted an Affidavit of Attorney Patricia Andrews (See **Exhibit 4**). Attorney Andrews has been a practicing attorney for the past 19 years and has litigated numerous cases of a similar nature throughout her career. As such, she is eminently familiar with the amount of effort required to prosecute such claims as well as the prevailing market rate in the community to prosecute such claims.

Plaintiffs also have the burden of submitting sufficient documentation and "evidence supporting the hours worked and rates claimed." Carlow, 2005 U.S. Dist. LEXIS 7258 at 19. The factual circumstances giving rise to this litigation were complex and involved calculated actions of Defendants and statements made in various fora which defamed Plaintiff and created harmful innuendos. In addition, this same set of operative facts giving rise to this litigation also spurred litigation in other fora, including a lengthy hearing before the Johnston School Committee, weeks of testimony before the Commissioner of Education, as well as a subsequent appeal to the Rhode Island Board of Regents.

As a result of the complex procedural and substantive issues, Plaintiffs were also compelled to file suit in this Honorable Court, which involved extensive research and exhaustive discovery, including, but not limited to, numerous depositions relating to liability and damages.

In addition, or as a result of the various complex legal issues present, Plaintiffs were forced to defend several dispositive pre-trial motions, and subsequent appeals, further contributing to an increase in fees. Lastly, Plaintiffs were compelled to litigate this matter

and present more than ten (10) witnesses to satisfy their burden of proof. Thus, all fees incurred were reasonably incurred and necessary given the complexity and breadth of this matter. (See Affidavit of Attorney Jeffrey D. Sowa, attached hereto as **Exhibit 5**).[6]

Significantly, it has been well established that if an opponent engages in obstructionist tactics that turn a simple dispute into protracted litigation, that opponent will bear the additional cost incurred by the victor in defending against such tactics. See, e.g., Rini v. United Van Lines, 903 F.Supp. 234, 237 (D. Mass. 1997).

Importantly, although there are some enumerated exceptions and exclusions, the District Court's discretion is extremely broad with respect to fee awards and "a reasonable fee involves a series of judgment calls such that an appellate court is far more likely to defer to the trial court in reviewing fee computations than in many other circumstances." See Lipsett, 975 F.2d at 937.

Finally, as is the case here, "much of counsel's time will be devoted generally to litigation as a whole, making it difficult to divide hours on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead, the District Court should focus on the significance of the overall relief obtained by Plaintiff in relation to the hours reasonably expended on the litigation." See Hensley, 103 S.Ct. at 1940. In Hensley, given the interrelated facts and theories in the case, the Court did not err in "refusing to apportion the fee award mechanically on the basis of respondents' success or failure on particular issues." See Id. at 1942.

[6] Contingent Fee Agreement – Importantly, if the party seeking an award of attorneys' fees has entered into a contingency agreement, such an agreement, in and of itself, cannot form the basis for either a floor or ceiling in an award of fees. Blanchard v. Bergeron, 489 U.S. 87 (1989). Instead, the presence of a pre-existing fee agreement may aid only in the determination of reasonableness. Id. at 93.

"Interrelated claims" are connected to a common core of facts that ultimately furnish the basis of success. System Management Inc. v. Loiselle, 154 F.Supp. 2d 195, 209 (D.Mass. 2001). Therefore, in such a situation fees need not be segregated between successful and unsuccessful claims.

Such are the facts in the case at bar. Plaintiffs were successful on their claims for Breach of Contract, Defamation and Loss of Consortium. All such claims stemmed from (1) the Defendants failure to evaluate Plaintiff Stephen F. Chrabaszcz, Jr., in accordance with the Agreement; (2) placement of Plaintiff Chrabaszcz on administrative leave; (3) banishment of Plaintiff Chrabaszcz from school grounds; (4) non-renewal of Plaintiff Chrabaszcz; and (5) defamation of Plaintiff Chrabaszcz and damage to his name in the community. Therefore, although Plaintiffs, and particularly Plaintiff Stephen F. Chrabaszcz, III, did not enjoy success on the 28 U.S.C. § 1983 cause of action, all Counts included in Plaintiffs' Complaint branch from the same trunk of operative facts.

Plaintiffs,
By Their Attorneys,

Jeffrey D. Sowa, Esq. #5764
Christopher D. DiSano, Esq. #6788
LaPlante & Sowa, Ltd.
67 Cedar Street, Suite 102
Providence, RI 02903
(401) 273-0200 (telephone)
(401) 273-02500 (facsimile)

**CERTIFICATION**

Marc DeSisto, Esquire.
Desisto Law
211 Angell Street
PO Box 2563
Providence, RI 02906

I hereby certify that on this 5th day of June, 2006, I sent by first class mail, postage prepaid, a copy of the within document to the above-listed counsel.

# **Exhibit 1**

The Court is already in possession of the Jury Verdict form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**JUDGMENT IN A CIVIL CASE**

STEPHEN F. CHRABASZCZ, JR, ET AL
Plaintiff

V. Case Number: C.A. NO. 03-133S

JOHNSTON SCHOOL COMMITTEE, ET AL
Defendant

**X Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

**X Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

**In accordance with the jury's verdict, Judgment shall enter in favor of the Plaintiffs against the Defendants, Town of Johnston and Michael Jolin as follows:**

**Stephen F. Chrabaszcz, Jr in the amount of $131,563.00;**
**Barbara Chrabaszcz in the amount of $15,000.00;**
**Stephen F. Chrabaszcz, III in the amount of $5,000.00;**
**Jessica Chrabaszcz in the amount of $5,000.00;**
**Adam Chrabaszcz in the amount of $5,000.00;**

**Judgment shall enter in favor of the defendants, The School Committee of the Town of Johnston, David J. Santilli, Robert LaFaziz, Geraldine Loffredo, Richard Delfino, Robin Carlone, Peter Voccio, Jr., and Patricia Pitocchi, in accordance with this Court's order granting these defendants' Motion for Judgment as a Matter of Law.**

May 22, 2006
Date

Clerk

(By) Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEPHEN F. CHRABASZCZ, JR., et. al. | : | |
| | : | |
| v. | : | C.A. No. 03-133S |
| | : | |
| JOHNSTON SCHOOL COMMITTEE, et. al. | : | |

**AFFIDAVIT OF PATRICIA E. ANDREWS, ESQUIRE**

Now comes Patricia E. Andrews and pursuant to R.I.G.L. § 9-1-45, hereby being duly sworn, upon oath deposes and states the following:

1. I am an attorney licensed to practice law in the State of Rhode Island and Washington, D.C., currently in good standing with all courts in which I have been licensed to practice.

2. That I have been practicing law in the State of Rhode Island since 1990. Before that I practiced in Washington, D.C.

3. That I am experienced in handling similar cases, specifically, employment litigation, and am familiar with the usual and customary charges by attorneys in the community who have comparable experience in similar cases.

4. In preparation for this Affidavit, I reviewed all time records for entries submitted by LaPlante & Sowa, Ltd. attorneys and paralegals in this matter.

5. I also reviewed the bill for professional services rendered by Attorney Stephen J. Reid, Jr., of the firm Blish & Cavanagh, prior counsel for the Plaintiffs, in the amount of Ten Thousand Three Hundred Forty-Five and 24/100 ($10,345.24) Dollars (a copy of which is attached hereto as **Exhibit A**), in connection with the claims against the Johnston School Department.

6. That, after a thorough review of all time entries for LaPlante & Sowa, Ltd., (a copy of which is attached hereto as **Exhibit B**), I concur that these services were reasonable and necessary for the prosecution of Plaintiffs claims against the Town of Johnston.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 5th DAY OF JUNE, 2006.

Patricia E. Andrews

subscribed and sworn to me on this 5th day of June 2006.

CARLY B. IAFRATE
NOTARY PUBLIC
STATE OF RHODE ISLAND
My Commission Expires January 28, 2008

# BLISH & CAVANAGH

COUNSELLORS AT LAW

July 1, 2000

Billed through 06/28/00 Document 5

Bill number 4211-06134-005 SJR

Stephen F. Chrabaszcz
8 Whittier Drive
Johnston, RI 02919

Johnston School Department

Balance forward as of bill number 004 dated 06/01/00 $ 2,362.75

FOR PROFESSIONAL SERVICES RENDERED

| | | | | | |
|---|---|---|---|---|---|
| 06/01/00 | SJR | Telephone conversation with S. Chrabaszcz; Stragety. | .25 hrs | 195 /hr | 48.75 |
| 06/05/00 | SJR | Telephone conversation with Atty. Placella; Attention to file; Telephone conversation with Atty. Flaherty; Telephone conversation with Atty. Robinson. | 1.00 hrs | 195 /hr | 195.00 |
| 06/07/00 | SJR | Telephone conversation with Atty. Placella. | .25 hrs | 195 /hr | 48.75 |
| 06/08/00 | SJR | Conferences with Atty. Placella; Review letter from Superintendent Jolin to S. Chrabaszcz; Conversations with Atty. Robinson. | .75 hrs | 195 /hr | 146.25 |
| 06/09/00 | SJR | Telephone conversation with Atty. Placella; Telephone conversation with S. Chrabaszcz and B. Chrabaszcz. | .45 hrs | 195 /hr | 87.75 |
| 06/11/00 | SJR | Telephone conversation with Atty. Placella. | .50 hrs | 195 /hr | 97.50 |
| 06/12/00 | SJR | Review letter from Atty. Placella, letter from B. Chrabaszcz to Atty. Placella and settlement proposal; Meeting with S. & B. Chrabaszcz; Stragety regarding School Committee meeting; Telephone conversation with Atty. Robinson; Telephone conversations with Atty. Placella; Telephone conversation with B. Chrabaszcz; Letter to Atty. Robinson. | 4.25 hrs | 195 /hr | 828.75 |
| 06/13/00 | SJR | Telephone conversations with Atty. Robinson; Telephone conversations with Atty. Placella; Telephone conversations with B. Chrabaszcz; Attention to file regarding settlement; Telephone conversation with S. Chrabaszcz; Meeting with Atty. Placella, S.Chrabaszcz and B. Chrabaszcz; Meeting with Atty. Placella. | 4.00 hrs | 195 /hr | 780.00 |

BLISH & CAVANAGH

COUNSELLORS AT LAW

Document 6

Stephen F. Chrabaszcz
Bill number 4211-06134-005 SJR

| | | | | | |
|---|---|---|---|---|---|
| 06/14/00 | SJR | Telephone conversations with S. & B. Chrabaszcz; Telephone conversations with Atty. Placella. | .75 hrs | 195 /hr | 146.25 |
| 06/15/00 | SJR | Telephone conversation with S. Chrabaszcz and B. Chrabaszcz; Attention to file; Telephone conversation with Atty. Placella; Telephone conversation with B. Chrabaszcz. | 1.45 hrs | 195 /hr | 282.75 |
| 06/16/00 | SJR | Review letter from Superintendent Jolin to S. Chrabaszcz; Telephone conversations with B. Chrabaszcz; Telephone conversations with Atty. Placella; Telephone conversation with F. Pescosolido; Attention to file. | 3.00 hrs | 195 /hr | 585.00 |
| 06/19/00 | SJR | Telephone conversations with Atty. Placella; Telephone conversations with Atty. Robinson; Telephone conversation with Atty. Flaherty; Review Affidavit of J. Bucci; Letter to Atty. Flaherty; Strategy. | 1.50 hrs | 195 /hr | 292.50 |
| 06/20/00 | SJR | Telephone conversations with Atty. Placella; Attention to file; Telephone conversation with Atty. Myers; Stragety; Review Contract. | 2.50 hrs | 195 /hr | 487.50 |
| 06/21/00 | SJR | Telephone conversations with Atty. Placella; Attention to file; Confeference with Scott T. Spear; Conference with Edmund L. Alves, Jr.; Conference with K. Ritz. | 1.50 hrs | 195 /hr | 292.50 |
| 06/21/00 | FIRM | KR - Research at Rhode Island State Law Library about majority vote needed for school committee actions. | .50 hrs | 85 /hr | 42.50 |
| 06/21/00 | FIRM | Conference with S. Reid re: vote of Johnston School Committee. | .30 hrs | 150 /hr | 45.00 |
| 06/22/00 | SJR | Telephone conversations with Atty. Myers; Attention to file; Conferences with K. Ritz; Telephone conversations with Atty. Placella; Research. | 1.70 hrs | 195 /hr | 331.50 |
| 06/22/00 | FIRM | KR - Research in Robert's Rules of Order. | 1.00 hrs | 85 /hr | 85.00 |
| 06/23/00 | SJR | Telephone conversation with Atty. Myers; Telephone conversation with Atty. Placella. | .25 hrs | 195 /hr | 48.75 |
| 06/27/00 | SJR | Telephone conversation with Atty. Myers; Review letter from Atty. Placella, letter from R. Carlone to S. Chrabaszcz, and By-Laws Of Town Of Johnston School Committee; Telephone conversation with Atty. Placella. | 1.75 hrs | 195 /hr | 341.25 |

BLISH & CAVANAGH
COUNSELLORS AT LAW

August 3, 2000

Billed through 08/03/00

Bill number 4211-06134-007 SJR

Stephen F. Chrabaszcz
8 Whittier Drive
Johnston, RI 02919

Johnston School Department

Balance forward as of bill number 005 dated 07/01/00 $ 8,407.25

FOR PROFESSIONAL SERVICES RENDERED

| | | | | | |
|---|---|---|---|---|---|
| 06/29/00 | SJR | Conference with K. Ritz; Research; Review, revise and proofread letter to R. Carlone; Telephone conversation with Atty. Placella. | 1.45 hrs | 195 /hr | 282.75 |
| 06/29/00 | FIRM | KR - Research in Robert's Rules of Order. | .50 hrs | 85 /hr | 42.50 |
| 06/30/00 | SJR | Telephone conversation with Atty. Placella; Telephone conversation wit Atty. Robinson; Attention to file regarding settlement; Conference with K. Ritz. | .65 hrs | 195 /hr | 126.75 |
| 07/07/00 | SJR | Telephone conversation with Atty. Robinson; Telephone conversation with Atty. Placella; Attention to file regarding settlement. | .50 hrs | 195 /hr | 97.50 |
| 07/12/00 | SJR | Telephone conversation with Atty. Placella Telephone conversation with Atty. Robinson. | .45 hrs | 195 /hr | 87.75 |
| 07/14/00 | SJR | Telephone conversation with Atty. Placella; Telephone conversation with Atty. Robinson. | .25 hrs | 195 /hr | 48.75 |
| 07/17/00 | SJR | Meeting with Atty. Placella, S. Chrabaszcz and B. Chrabaszcz; Meeting with Atty. Placella; Attention to file regarding settlement. | 2.50 hrs | 195 /hr | 487.50 |
| 07/20/00 | SJR | Telephone conversation with Atty. Robinson; Attention to file; Telephone conversation with Atty. Placella. | .55 hrs | 195 /hr | 107.25 |
| 07/21/00 | SJR | Review letter from Atty. Robinson; Attention to file regarding settlement; Letter to Atty. Placella. | .25 hrs | 195 /hr | 48.75 |

BLISH & CAVANAGH
COUNSELLORS AT LAW

Stephen F. Chrabaszcz
Bill number 4211-06134-007 SJR

| | | | | | |
|---|---|---|---|---|---|
| 07/24/00 SJR | Telephone conversation with Atty. Robinson. | .15 hrs | 195 /hr | 29.25 |
| 07/27/00 SJR | Attention to file; Telephone conversations with Atty. Placella; Letter to S. Chrabaszcz; Letter to Atty. Robinson; Strategy. | 1.00 hrs | 195 /hr | 195.00 |
| 07/28/00 SJR | Review, revise and proofread letter to Atty. Robinson; Telephone conversation with Atty. Placella. | .50 hrs | 195 /hr | 97.50 |
| 07/31/00 SJR | Telephone conversation with Atty. Flaherty; Attention to file; Telephone conversation with Atty. Placella. | .70 hrs | 195 /hr | 136.50 |
| 08/02/00 SJR | Telephone conversation with Atty. Placella; Attention to file. | .25 hrs | 195 /hr | 48.75 |

Total fees for this matter $ 1,836.50

DISBURSEMENTS

| | | |
|---|---|---|
| 06/28/00 | Copying Expense | 2.50 |
| 07/28/00 | Copying Expense | 4.50 |

Total disbursements for this matter $ 7.00

BILLING SUMMARY

| | | | |
|---|---|---|---|
| Blish & Cavanagh | .50 hrs | 85 /hr | 42.50 |
| Stephen J. Reid, Jr. | 9.20 hrs | 195 /hr | 1,794.00 |
| TOTAL FEES | 9.70 hrs | | $ 1,836.50 |
| TOTAL DISBURSEMENTS | | | $ 7.00 |
| TOTAL CHARGES FOR THIS BILL | | | $ 1,843.50 |
| NET BALANCE FORWARD | | | $ 8,407.25 |
| TOTAL BALANCE NOW DUE | | | $10,250.75 |

BLISH & CAVANAGH LLP
COUNSELLORS AT LAW

September 1, 2000

Billed through 09/01/00

Bill number 4211-06134-008 SJR

Stephen F. Chrabaszcz
8 Whittier Drive
Johnston, RI 02919

Johnston School Department

Balance forward as of bill number 007 dated 08/03/00 $10,250.75

FOR PROFESSIONAL SERVICES RENDERED

| | | | | | |
|---|---|---|---|---|---|
| 08/02/00 SJR | Telephone conversation with Atty. Placella; Attention to file. | .25 hrs | 195 /hr | | 48.75 |
| | Total fees for this matter | | | $ | 48.75 |

DISBURSEMENTS

| | | |
|---|---|---|
| 08/03/00 | Merrill Corp. (Copying Entire File) | 35.24 |
| 08/30/00 | Copying Expense | 3.00 |
| 08/30/00 | Copying Expense | 7.50 |
| | Total disbursements for this matter | $ 45.74 |

BILLING SUMMARY

| | | | |
|---|---|---|---|
| Stephen J. Reid, Jr. | .25 hrs | 195 /hr | 48.75 |
| TOTAL FEES | .25 hrs | | $ 48.75 |
| TOTAL DISBURSEMENTS | | | $ 45.74 |
| TOTAL CHARGES FOR THIS BILL | | | $ 94.49 |
| NET BALANCE FORWARD | | | $10,250.75 |
| TOTAL BALANCE NOW DUE | | | $10,345.24 |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STEPHEN F. CHRABASZCZ, JR., et. al. | : | |
| | : | |
| v. | : | C.A. No. 03-133S |
| | : | |
| JOHNSTON SCHOOL COMMITTEE, et. al. | : | |

**AFFIDAVIT OF JEFFREY D. SOWA, ESQUIRE**

I, Jeffrey D. Sowa, under the pains and penalties of perjury, do and hereby depose and state as follows:

1. I am an attorney licensed to practice law in the State of Rhode Island, Board of Bar Overseers Number 5764. I am currently in good standing with all courts in which I have been licensed to practice, including the Rhode Island Supreme Court, United States District Court for the District of Rhode Island and the United States Court of Appeals for the First Circuit.

2. That I have been practicing law in the State of Rhode Island since 1997.

3. That I am a partner of the law firm of LaPlante & Sowa, Ltd.

4. While representing the Chrabaszczs, it has been my custom and practice to contemporaneously and accurately record the time that I spent on that matter for entry into LaPlante & Sowa, Ltd.'s time entry system.

5. In preparation for this fee petition, I reviewed all time records for entries submitted by LaPlante & Sowa, Ltd. attorneys and paralegals in this matter, in the amount of $171,739.25, for all matters in connection with the Chrabaszczs' various claims and actions involving the Johnston School Committee arising out of Stephen Chrabaszcz, Jr.'s employment as Vice Principal of Johnston High School during the 1999-2000 School Year.

6. Finally, Attorney Stephen J. Reid, Jr., of the firm Blish & Cavanagh, was counsel for the Chrabaszczs prior to my involvement. A copy of Attorney Reid's Bill for Professional Services Rendered, in the amount of Ten Thousand Three Hundred Forty-Five and 24/100 ($10,345.24) Dollars, in connection with the claims against the Johnston School Committee, is attached hereto as **Exhibit A.**

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 5th DAY OF JUNE, 2006.

Jeffrey D. Sowa, Esquire

Sworn and subscribed to before me in the County of Providence, State of Rhode Island, on this 5th day of June, 2006.

Notary Public

Corinna A. Sorvillo
NOTARY PUBLIC
State of Rhode Island
My Commission Expires 12/9/09