**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

Stephen F. Chrabaszcz, Jr., et al

v. C.A. No. 03-133 S

Johnston School Committee, both
Individually and as Committee Members, et al.

**DEFENDANTS, THE SCHOOL COMMITTEE OF THE TOWN OF JOHNSTON, DAVID J. SANTILLI, ROBERT LAFAZIA, GERALDINE LOFFREDO, RICHARD DELFINO, ROBIN CARLONE, PETER VOCCIO, JR. AND PATRICIA PITOCCHI'S MOTION FOR ATTORNEY'S FEES PURSUANT TO RULE 54(d)(2)(B)**

Now come the defendants, the School Committee of the Town of Johnston, David J. Santilli; Robert LaFazia; Geraldine Loffredo; Richard Delfino; Robin Carlone; Peter Voccio, Jr.; and Patricia Pitocchi and as the prevailing parties move for attorney's fees pursuant to R.C.P. 54(d)(2)(B). These defendants request attorney's fees as a result of the Judgment entered on May 22, 2006, in the above captioned matter. As grounds, these defendants state that they are entitled to attorney's fees as prevailing defendants because "the plaintiffs' suit was totally unfounded, frivolous, or otherwise unreasonable" and in addition the plaintiffs continued to litigate it after it clearly became so". *Casa Marie Hogar Geriatrico, Inc. vs. Rivera-Santos, 38 F.3d 615, 618 (1st Cir. 1994).* Defendants also rely on R.I.G.L. 9-1-45 for attorney's fees related to their successful defense of the contract claim brought against them. A fair estimate of the amount sought is $41,946.75.

Defendants rely on their memorandum of law attached and incorporated herein.

Defendants,
By their Attorney,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 5th day of June, 2006, to the following:

Jeffrey D. Sowa, Esq. (#5764)
67 Cedar Street, Suite 102
Providence, RI 02903

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Stephen F. Chrabaszcz, Jr., et al

v. C.A. No. 03-133 S

Johnston School Committee, both
Individually and as Committee Members, et al.

**DEFENDANTS, THE SCHOOL COMMITTEE OF THE TOWN OF JOHNSTON, DAVID J. SANTILLI, ROBERT LAFAZIA, GERALDINE LOFFREDO, RICHARD DELFINO, ROBIN CARLONE, PETER VOCCIO, JR. AND PATRICIA PITOCCHI'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR ATTORNEY'S FEES PURSUANT TO RULE 54(d)(2)(B)**

## I. INTRODUCTION

Pursuant to the Judgment entered on or about May 22, 2006, the above named defendants are prevailing parties. As such, they seek attorney's fees pursuant to Rule 54(d)(2)(B) as more fully outlined below.

## II. PROCEDURAL REQUIREMENTS AT THIS STAGE

At this stage of the proceedings, defendants are not required to support their request with evidentiary material bearing on the fees. Instead, as the advisory committee notes state:

> "The rule does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees. This material must of course be submitted in due course, according to such schedule as the Court may direct in light of the circumstances of the case. What is required is the filing of a motion sufficient to alert the adversary and the Court that there is a claim for fees and the amount of such fees (or a fair estimate)."

In their motion defendants have set out a fair estimate of the amount and the grounds entitling them to an award of attorney's fees. The grounds for this award are briefing discussed below.

## III. PREVAILING PARTIES

These defendants contend that the suit against them for a number of constitutional claims was totally unfounded. Some of the claims were dismissed as a result of their motion for summary judgment. The remaining portions of the claim were dismissed on their motion for judgment after the close of the plaintiffs' case. Defendants claim that the allegations against them were totally unfounded. Indeed, most of the individual defendants were not even named in any evidentiary portion of the plaintiffs' presentation of their case. Under the circumstances, defendants are therefore entitled to a proportionate share of the attorney's fees required to defend the case. *Hughes vs. Rowe, 449 U.S. 5, 14 (1980)*; *Christiansburg Garment Co. vs. E.E.O.C., 434 U.S. 412, 421 (1978).*

Defendants submit that the plaintiffs were notified of the deficiencies in the claims by defendants' motion for summary judgment and the subsequent motion for judgment as a matter of law. *Abbott vs. Rabe, 2005 U.S. Dist. Lexis, 7484 (D. Mass. 2005).*

In addition, R.I.G.L. 9-1-45 allows the Court to award reasonable attorney's fees to a prevailing party in any civil action regarding a breach of contract allegation if the Court finds "a complete absence of justiciable issue of either law or fact raised by the losing party".

In this case, these defendants were not a party to the contract and so could not be found liable for any claimed breach.

## IV. CONCLUSION

Defendants intend by this motion simply to comply with the Rule 54 "to alert the Adversary and the Court that there is a claim for fees and the amount of such fees (or a fair estimate). Defendants' fair estimate is $41,946.75. However, defendants will supplement the

reasons for requesting these fees and backup material regarding the amount of the fees at a later time, according to the dictates of this rule.

Defendants,
By their Attorney,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 5th day of June, 2006, to the following:

Jeffrey D. Sowa, Esq. (#5764)
67 Cedar Street, Suite 102
Providence, RI 02903