**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

Stephen F. Chrabaszcz, Jr., et al

v. C.A. No. 03-133 S

Johnston School Committee, both
Individually and as Committee Members, et al.

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR COSTS**

NOW COME Defendants and hereby Object to the costs taxed on or about June 7, 2006, in favor of plaintiffs in the amount of $11,401.90. In support thereof, defendants rely upon the Memorandum of Law, attached and incorporated herein.

Defendants,
By their Attorney,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 12th day of June, 2006, to the following:

Jeffrey D. Sowa, Esq. (#5764)
67 Cedar Street, Suite 102
Providence, RI 02903

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

STEPHEN F. CHRABASZCZ, JR., et al.

v. C.A. No. 03-133 S

JOHNSTON SCHOOL COMMITTEE, both
Individually and as Committee Members, et al.

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO PLAINTIFFS' MOTION FOR COSTS**

On June 7, 2006, costs were taxed in favor of plaintiffs in the amount of $11,401.90. This amount corresponds with plaintiffs' Amended Bill of Costs as filed with the Clerk on or about June 7, 2006. Defendants hereby object to that portion of the costs taxed, as outlined below, that do not correspond with either the costs allowable under *28 U.S.C. § 1920* or were not necessary to the prosecution of the breach of contract and defamation claims. In particular, defendants object to the taxing of those costs associated with the non-renewal of plaintiff's employment contract and the requested expert fees and photocopying costs beyond those allowable under *28 U.S.C. § 1920.*

## I. Standard

Plaintiffs filed their motion for costs in accordance with Rule 54(d) of the Federal Rules of Civil Procedure and R.I. Local Rules. While Rule 54 allows for the recovery of costs by the prevailing party, it is *28 U.S.C. § 1920* that specifies the costs that may be recovered. *Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441, (1987).* The costs allowed by § 1920 are: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copying "of papers necessarily obtained for use in the case," (5) docket fees, and (6) compensation of court-appointed experts and interpreters. *28 U.S.C. § 1920.*

Costs as defined by Section 1920 and allowed by Rule 54(d) are not the same as expenses incurred by a litigant in pursuit or defense of the claims. Maier v. AT&T, *1997 U.S. Dist. LEXIS 3659, 2-3 (D. Ill. 1997) citing* Abbott Lab v. Granite Ins. Co., *104 F.R.D. 42, 43 (N.D. Ill.1984).* In fact, Rule 54(d) does not give a court "unrestricted" discretion "to reimburse a winning litigant for every expense he has seen fit to incur." Id. *quoting* Farmer v. Arabian Am. Oil Co., *379 U.S. 227, 235 (1964).* Thus, a prevailing party is only "entitled to those reasonable costs that are (1) allowed by Section 1920 and (2) necessary to the particular litigation." Id. *(citations omitted).* "It is incumbent upon the party seeking costs to describe the nature of the expenses adequately or to explain why they should be awarded." Donnelly v. R.I. Bd. of Governors for Higher Education, *946 F.Supp. 147, 152 (D.R.I. 1996).* Close scrutiny thus must be afforded by the Court in determining which costs are taxable. Farmer, *379 U.S. at 235 ("Items proposed by winning parties as costs should always be given careful scrutiny");* Maier *1997 U.S. Dist. LEXIS 3659, 2-3 (This court must review a prevailing party's bill of costs in scrupulous detail.")* In light of these guidelines, defendants respectfully submit that this Court should deny plaintiffs' costs, as enumerated below, because they are either not allowed pursuant to *§ 1920* or were not necessary to the particular litigation.

## II. Costs Associated with the Town's Decision not to Renew Plaintiff's Contract

Without explanation, plaintiffs attempt to recover costs for expenses incurred more than two (2) years prior to the filing of the instant suit. These expenses include a filing fee with the R.I. Superior Court; subpoena, summons and witness fees for the hearing before the Board of Education; and stenographic fees for the transcript of that hearing. In this case, plaintiff has not described or explained why costs associated with the Superior Court action or the Board of Education hearing should be taxed in the instant case. In fact, defendants submit that the costs

associated with that hearing are totally irrelevant to the instant case and are not recoverable as a cost.

The Board of Education hearing was addressing the Town's decision not to renew the plaintiff's employment contract for another year. As this Court made clear, the decision not to renew the employment contract was not before this Court or jury. In fact, the determination of whether the Town wrongfully decided not to renew plaintiff's contract is still pending in the State system. The decision not to renew plaintiff's contract is unrelated to the claims that the Town breached the Contract or defamed plaintiff. Plaintiff's attempt to recoup the costs from that ongoing litigation[1] should accordingly be denied.

**III. Expert Witness Fees**

Plaintiffs' Bill of Costs also itemizes costs of the expert witnesses, Arthur Wright (economic expert) and Robert F. Bessette, D.O. (medical expert) in the amount of $1,041.75 and $750.00 respectively. Plaintiffs have also listed $2,986.85 for Arthur Wright's "expert report and costs." As noted, *28 U.S.C. § 1920* enumerates the costs that are recoverable pursuant to Rule 54(b). The only expert fees allowable under *§ 1920* are those fees for court appointed experts. See *28 U.S.C. § 1920(6)*. In this case, plaintiffs' experts clearly are not court appointed experts.

"The Supreme Court has held that 'absent contract or explicit statutory authority to the contrary,' a federal court may not shift expert witness fees, except in the amount allowed by 28 U.S.C. § 1821(b)." *Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 439, (1987).*

[1] Although it is somewhat difficult to ascertain, see attached ***Exhibit A*** for the identification of the costs defendants believe are associated with the non-renewal litigation. Defendants reserve the right to amend this list should information reveal that there are additional costs requested that are associated with plaintiffs' non-renewal.

See also: Sorbo v. United Parcel Serv., *432 F.3d 1169, 1180 (10th Cir. 2005);* Shared Med. Sys. v. Ashford Presbyterian Cmty. Hosp., *212 F.R.D. 50, 55 (D.P.R. 2002) (in breach of contract case, prevailing party can only recover the statutory amount of $ 40 per day for the expert witness' attendance at trial);* Agredano v. Mutual of Omaha Cos., *75 F.3d 541, 542 (9th Cir. 1996);* Ruiz-Rodriguez v. Colberg-Comas, *882 F.2d 15, 18 (1st Cir. 1989);* Bosse v. Litton Unit Handling Systems, Etc., *646 F.2d 689, 695 (1st Cir. 1981) (reversing district court's allowance of expert witness costs above statutory amount in diversity case).* Section 1821(b) of Title 28 permits a witness to recover $40 a day for each day's attendance at court. *28 U.S.C. 1821.* However, this statutory allowance "does not include the expert witness fees for consultation, analysis, and intellectual effort." Ramos v. Davis & Geck, Inc., *968 F.Supp. 765, 782 (D.P.R. 1997).*

In the instant case, plaintiff has not identified authority for the taxing of the expert fees, including the reports or the expert's costs against the defendants. Therefore, plaintiffs can only recover the statutory amount of $ 40 per day for the witness' attendance at trial. The remaining requested amounts, including the $2,986.85 for Dr. Wright's "expert report and costs" should accordingly be denied.

**IV. Photocopying**

Plaintiffs have also requested copying costs in the amount of $475. Under *28 U.S.C. § 1920,* certain photocopying costs are recoverable. However, not all photocopying costs are subject to taxation. In particular, copies of papers that are "necessarily obtained for use in the case," such as amounts paid to others for production of documents and plaintiffs' own photocopying expenses for copying exhibits introduced at trial, are properly taxable. However, copying their own pleadings and motions for filing or copying of documents to be produced in

discovery are not taxable costs under the statute. _Mcilveen v. Stone Container Corp._, *910 F.2d 1581, 1584 (7th Cir. 1990); cf.* _Jones v. Unisys Corp._, *54 F.3d 624, 633(10th Cir. 1995) (holding that the district court did not abuse its discretion in denying, inter alia, "costs for 'internal copying' of documents by [prevailing defendant's] counsel produced for discovery").*

Because of this, "recording what documents were copied and explaining how the documents were used in the case is absolutely necessary before the Court can permit such an award." _Ramos_, *968 F.Supp. at 782.* In the instant case, plaintiffs failed to segregate or identify the basis for the photocopying costs. Thus, it is impossible to determine whether the requested photocopying costs are taxable and the request should accordingly be denied.

## V. CONCLUSION

For the reasons cited herein, as well as those that may be raised at hearing, defendants objects to that portion of the costs taxed, as outlined herein, that do not correspond with either the costs allowable under *28 U.S.C. § 1920* or were not necessary to the prosecution of the breach of contract and defamation claims, and respectfully ask this Court to vacate the award of costs accordingly.

Defendants,
By their Attorney,

[signature]

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

## CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 12th day of June, 2006, to the following:

Jeffrey D. Sowa, Esq. (#5764)
67 Cedar Street, Suite 102
Providence, RI 02903

# EXHIBIT A

***Witness Fees***

| | |
|---|---|
| Patricia Pitocchi | 22.00 |
| Cheryl Tutalo | 11.00 |
| John Craig | 22.00 |
| Vito Scotti | 11.00 |
| Kristy Provencial | 11.00 |
| Jean Bucci | 11.00 |
| Richard Delfino, Jr. | 11.00 |
| James Hopkins | 11.00 |
| **TOTAL** | **$110** |

***Service of Summons/Subpoena***

| | |
|---|---|
| Subpoena – Patricia Pittochi – Comm. Ed. (1/31/01) | 35.00 |
| Subpoena - John Craig – Comm. Ed.(1/31/01) | 35.00 |
| Subpoena – Scotti – Johnston Police Dept. – Comm. Ed.(1/31/01) | 35.00 |
| Subpoena – Cheryl Tutalo – Comm. Ed. (1/31/01) | 35.00 |
| Subpoena – Kristy Provencial – Comm. Ed. (3/14/01) | 35.00 |
| Subpoena – Jean Bucci – Comm. Ed. (3/14/01) | 35.00 |
| Subpoena –Richard Delfino – Comm. Ed. (3/14/01) | 35.00 |
| Subpoena – Patricia Pittochi – Comm. Ed .(3/14/01) | 35.00 |
| Subpoena - John Craig – Comm. Ed.(3/14/01) | 35.00 |
| Subpoena - James Hopkins – Comm. Ed.(4/24/01) | 35.00 |
| **TOTAL** | **$350** |

***Court Reporter Fees***

| | |
|---|---|
| 8/3/00 Johnston School Committee Hearing Transcript | |
| 1/3/101 – Comm. Of Ed. Hearing | 518.25 |
| 3/14/01 & 3/15/01 Dept. of Ed. Hearing | 825.00 |
| 4/24/01 – Comm. Ed. Hearing | 389.00 |
| **TOTAL** | **$ 1732.25** |

***Fees of the Clerk***

| | |
|---|---|
| 8/20/01 – PCSC – Filing Fee | 135 |
| **TOTAL** | **$135** |