**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STEPHEN F. CHRABASZCZ, JR., et. al. | : | |
| | : | |
| v. | : | C.A. No. 03-133S |
| | : | |
| JOHNSTON SCHOOL COMMITTEE, et. al. | : | |
| | : | |

**PLAINTIFFS' OBJECTION TO DEFENDANTS, MOTION FOR COSTS PURSUANT TO RULE 54**

Now come Plaintiffs, Stephen F. Chrabaszcz, Jr., Barbara Chrabaszcz, Jessica Chrabaszcz, Stephen Chrabaszcz, III, and Adam Chrabaszcz (hereinafter referred to as "Plaintiffs") in the above-captioned matter and, pursuant to Local Rule 54 (d), and hereby object to Defendants' Motion for Costs.

As grounds therefore, Plaintiffs rely on the attached Memorandum of Law in support thereof.

Plaintiffs,
By Their Attorneys,

Jeffrey D. Sowa, Esq. #5764
Christopher D. DiSano, Esq. #6788
LaPlante & Sowa, Ltd.
67 Cedar Street, Suite 102
Providence, RI 02903
(401) 273-0200 (telephone)
(401) 273-02500 (facsimile)

## CERTIFICATION

Marc DeSisto, Esquire.
Desisto Law
211 Angell Street, PO Box 2563
Providence, RI 02906

I hereby certify that on this 12th day of June, 2006, I sent by first class mail, postage prepaid, a copy of the within document to the above-listed counsel.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STEPHEN F. CHRABASZCZ, JR., et. al. | : | |
| | : | |
| v. | : | C.A. No. 03-133S |
| | : | |
| JOHNSTON SCHOOL COMMITTEE, et. al. | : | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO DEFENDANTS' MOTION FOR COSTS**

## I. SEVERABILITY

As a general matter when a plaintiff's claims for relief are based on a "common core of facts" or are based on "related legal theories," the lawsuit cannot be viewed as "a series of discrete claims." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983). Thus, to break the lawsuit down into several claims and individual parties is improper.

## II. DEFENDANTS ARE NOT ENTITLED TO COSTS BECAUSE IT IS PROHIBITED BY THE AMERICAN RULE REGARDING LITIGATION COSTS.

In general, litigants in federal court are subject to the common law doctrine known as the "American Rule" that each party pays their own way. Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 241-267 (1975). Thus, it is the normal procedure that each party will cover their own legal costs. This rule is particularly appropriate in the current case because Chrabaszcz prevailed on many of his claims and against a number of the defendants.

## III. DEFENDANTS ARE NOT ENTITILED TO COSTS BECAUSE THEY SHOULD NOT BE CONSIDERED A PREVAILING PARTY.

Defendants' have made a claim for and been awarded One Hundred Percent (100%) of their costs associated with this lawsuit because some Defendants were

dismissed on some of the Counts brought by Chrabaszcz. Apparently, they now believe that they are entitled to costs as a "prevailing party." The standard for what constitutes a "prevailing party" is frequently analyzed under Federal and State fee-shifting statutes. Generally the notion of a prevailing party applies to Plaintiffs, but under a generic framework a party is considered a prevailing party "…if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." Hensley, 461 U.S. at 433. Defendants never brought suit or filed a counterclaim against Chrabaszcz, thus there was no benefit which they sought to achieve. Id.

**DEFENDANTS ARE NOT ENTITLED TO COSTS BECAUSE THEY HAVE FAILED TO ESTABLISH SPECIFIC AMOUNTS THEY HAVE INCURRED AS DEFENDANTS IN THIS CASE.**

In Cardillo, 360 F.Supp at 412, the court denied defendants' request for attorneys' fees and costs in part because the defendants failed to provide the Court with "…an itemization of the specific amount to which he is entitled (i.e., the amounts incurred by him as a defendant in this case)…" Id. The same reasoning should apply in the case at bar given that the Defendants, though providing some amount of costs for the overall litigation, have failed to itemize specific amounts they claim to have incurred individually as defendants in this case. Additionally, in attempting to sever the claims and costs of certain portions of the litigation, the Defendants' have not indicated that these particular costs did not go to the overall merits and defense of the case. Hensley, 461 U.S. at 435 (where a plaintiff's claims for relief are based on a common core of facts or on related legal theories the lawsuit cannot be viewed as a series of discrete claims). Therefore, the Defendants' Motion for Costs should be denied.

Plaintiffs,
By Their Attorneys,

Jeffrey D. Sowa, Esq. #5764
Christopher D. DiSano, Esq. #6788
LaPlante & Sowa, Ltd.
67 Cedar Street, Suite 102
Providence, RI 02903
(401) 273-0200 (telephone)
(401) 273-02500 (facsimile)

**CERTIFICATION**

Marc DeSisto, Esquire.
Desisto Law
211 Angell Street, PO Box 2563
Providence, RI 02906

I hereby certify that on this 12th day of June, 2006, I sent by first class mail, postage prepaid, a copy of the within document to the above-listed counsel.