**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STEPHEN F. CHRABASZCZ, JR., et. al. | : | |
| | : | |
| v. | : | C.A. No. 03-133S |
| | : | |
| JOHNSTON SCHOOL COMMITTEE, et. al. | : | |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

Now come Plaintiffs, Stephen F. Chrabaszcz, Jr., Barbara Chrabaszcz, Jessica Chrabaszcz, Stephen Chrabaszcz, III, and Adam Chrabaszcz (hereinafter referred to as "Plaintiffs") in the above-captioned matter and hereby object to Defendants' Motion for Attorneys' fees.

As grounds therefore, Plaintiffs rely on the attached Memorandum of Law in support thereof.

Plaintiffs,
By Their Attorneys,

Jeffrey D. Sowa, Esq. #5764
Christopher D. DiSano, Esq. #6788
LaPlante & Sowa, Ltd.
67 Cedar Street, Suite 102
Providence, RI 02903
(401) 273-0200 (telephone)
(401) 273-02500 (facsimile)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STEPHEN F. CHRABASZCZ, JR., et. al. | : | |
| | : | |
| v. | : | C.A. No. 03-133S |
| | : | |
| JOHNSTON SCHOOL COMMITTEE, et. al. | : | |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

Now come Plaintiffs, Stephen F. Chrabaszcz, Jr., Barbara Chrabaszcz, Jessica Chrabaszcz, Stephen Chrabaszcz, III, and Adam Chrabaszcz (hereinafter referred to as "Plaintiffs") in the above-captioned matter and hereby object to Defendants' Motion for Attorneys' fees.

As grounds therefore, Plaintiffs rely on the attached Memorandum of Law in support thereof.

Plaintiffs,
By Their Attorneys,

Jeffrey D. Sowa, Esq. #5764
Christopher D. DiSano, Esq. #6788
LaPlante & Sowa, Ltd.
67 Cedar Street, Suite 102
Providence, RI 02903
(401) 273-0200 (telephone)
(401) 273-02500 (facsimile)

**CERTIFICATION**

Marc DeSisto, Esquire.
Desisto Law
211 Angell Street, PO Box 2563
Providence, RI 02906

I hereby certify that on this 12th day of June, 2006, I sent by first class mail, postage prepaid, a copy of the within document to the above-listed counsel.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

STEPHEN F. CHRABASZCZ, JR., et. al. :
:
v. : C.A. No. 03-133S
:
JOHNSTON SCHOOL COMMITTEE, :
et. al. :

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO DEFENDANTS', MOTION FOR ATTORNEYS' FEES**

## I. SEVERABILITY

As a general matter when a plaintiff's claims for relief are based on a "common core of facts" or are based on "related legal theories," the lawsuit cannot be viewed as "a series of discrete claims." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983). Thus, to break the lawsuit down into several claims and individual parties is not the proper measure for analysis by this Honorable Court, especially when considering compensation.

## II. BURDEN OF PROOF

Under Hensley, the movant seeking attorneys' fees under Fed.R.Civ.P. 54(d) bears the burden of establishing both the right to a fee and the appropriate amount of the fee. 461 U.S. at 437. Defendants' in their Memorandum have failed to establish that they entitled to a fee. Defendants have also failed to set out a fair estimate of the amount of attorneys' fees to which they are entitled.

## III. DEFENDANTS ARE NOT ENTITLED TO ATTORNEYS' FEES BECAUSE AS THE MOVING PARTY THEY HAVE FAILED TO MEET THE NECESSARY BURDEN

### a. The American Rule Regarding Attorneys' Fees

In general, litigants in federal court are subject to the common law doctrine known as the "American Rule" that each party must bear its own attorneys' fees, irrespective of which party wins the suit. Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 241-267 (1975). While there are some exceptions to this general rule, Defendants cannot establish entitlement, particularly since the attorneys' fees are being sought from the victorious Plaintiff, namely, Chrabaszcz and his family.

Defendants seem to suggest that they are entitled to attorneys' fees arising out of the unsuccessful Constitutional claims brought by Plaintiff. However, Chrabaszcz cannot be assessed Defendants' attorneys' fees unless the court finds that his claims were "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith…" or continue to litigate once a claim became so. Hughes v. Rowe, 449 U.S. 5, 14 (1980); citing Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421 (1977). Chrabaszcz, in attempting to clear his name from the wrongful and bad faith actions of Defendants, did not bring a claim, or maintain a claim, that was "frivolous, unreasonable, or without foundation." Hughes, 449 U.S. at 14. Importantly, the "fact that . . . a complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorneys' fees. Id. At 15. Moreover, "even if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit." Id. (citing Christianburg Garment Co. v. EEOC, 434 U.S. 412 (1978).

Defendants never filed[1] a Motion to Dismiss the Complaint filed on behalf of Chrabaszcz. After discovery was completed, Defendants chose to seek dismissal of Chrabaszcz's claims through filing a Motion for Summary Judgment. Magistrate Judge Lincoln D. Almond ("Judge Almond") heard the arguments and dismissed some counts, but allowed the majority to remain. Judge Almond engaged in a lengthy analysis of each Count, lending credibility to the potential viability of each. Thus, it is readily apparent that these claims were not "frivolous, unreasonable, or without foundation." Id.

Defendants also appear to request attorney's fees, as relates to the litigation, under a general equitable doctrine. See Chambers v. Nasco, Inc., 501 U.S. 1, 5 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-767 (1980). However, when making a claim the under general equity doctrine, a requisite bad faith must be found in the conduct of the litigation, not the actions that formed the basis for the claims. Id. There is simply no evidence proffered by Defendants to suggest that Chrabaszcz has acted in bad faith. To the contrary, Chrabaszcz voluntarily dismissed Defendant Pitocchi after the close of evidence.[2]

**b. Defendants Are Not Entitled to Attorneys' Fees Because They Are Not Considered a Prevailing Party**

Defendants also contend that they are entitled to attorneys' fees as a "prevailing party." The standard for what constitutes a "prevailing party" has been frequently analyzed under Federal and State fee-shifting statutes. Generally, the notion of a

---

[1] Presumably, any claim brought in bad faith would trigger such a Motion.

[2] Defendant Patricia Pitocchi was not present for the trial, nor was her attendance required or requested at any portion of these proceedings.

prevailing party applies to Plaintiffs, but under a generic framework a party is considered a prevailing party "...if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." Hensley, 461 U.S. at 433.

Defendants did not bring suit or file any type of Counterclaim against Chrabaszcz, thus there was no benefit which they sought to achieve. Id. Also, Defendants should not be considered to have "prevailed." Christiansburg, 434 U.S. at 421, 22. (dismissing the argument that because a party did not prevail the action must have been unreasonable or without foundation).

In essence, Defendants posit that when a party brings a suit and only wins on some, but not all claims, they must pay for the claims they lost. Such an argument is directly contrary to the general "American Rule." Significantly, Chrabaszcz brought suit and succeeded on the claims presented to the jury, thus by a general analysis it was Chrabaszcz who is the prevailing party, not Defendants.

It was also not unreasonable for Chrabaszcz to include the school committee members in his claim. The members were signatories to the subject Agreement. Moreover, under Rhode Island General Law § 16-3-11(a)(2) a school committee is a proper body to "sue and be sued" and under 16-3-11(a)(12) a school committee has the power to engage legal counsel. Thus, under a plain reading of the statute, it would appear as though legal action by or against a school committee and its members is contemplated and permitted. See State v. Oliveira, 432 A.2d 664, 666 (R.I. 1981) (in the absence of an ambiguity, this court must give the words of the statute their literal and plain meaning)

Most importantly, Defendants are not entitled to attorneys' fees for practical purposes. Attorney Marc DeSisto represented all Defendants. No additional work was

required of him through his representation of the dismissed Defendants. In fact, the identical work would have been required had the liable Defendants been exclusively involved from the commencement of the lawsuit. No evidence has been offered to the contrary. Moreover, no effort prior to trial was made to dismiss any Defendants on the technical grounds raised at the close of testimony at trial, which necessarily caused additional attorneys' fees, if there were any, to needlessly accrue.

**c. Defendant's Are Not Entitled To Attorneys' Fees Because They Have Failed to Establish A Reasonable Estimate Regarding the Appropriate Amount of Attorneys' Fees**

Under Hensley, Defendants bear the burden of establishing the appropriate amount of their attorneys' fee. 461 U.S. at 437. Defendants cannot establish an appropriate fee in this matter because the same attorney in this case represented all the Defendants, all claims arose from the same nucleus of facts, and no additional work was required to defend the dismissed Defendants. Thus, no amount could be specifically attributable to the dismissed Defendants and any estimate is purely speculation. Perhaps most importantly, such an award would be incredibly unfair to Chrabaszcz, who was the victim of intense bad faith by Defendant Jolin and simply sought vindication through these proceedings.

## IV. DEFENDANTS ARE NOT ENTITLED TO ATTORNEYS' FEES UNDER RHODE ISLAND GENERAL LAW §9-1-45 BECAUSE THERE WAS A JUSTICIABLE ISSUE OF BOTH LAW AND FACT AND BECAUSE STEPHEN CHRABASZCZ WAS NOT THE LOSING PARTY

Defendants finally seek attorneys' fees through Rhode Island General Law §9-1-45, which permits recovery of reasonable attorneys' fees if the Court finds "...a complete

absence of justiciable issue of either law or fact raised by the losing party." For the reasons outlined above, Chrabaszcz requests that this Honorable Court deny Defendants' Motion. Additionally, R.I.G.L. 9-1-45 clearly states that such issues must have been raised by "the losing party." §9-1-45. Since Chrabaszcz was successful on a number of his overall claims, the argument that he falls into the category of "losing party" must fail. R.I.G.L. §9-1-45.

Plaintiffs,
By Their Attorneys,

Jeffrey D. Sowa, Esq. #5764
Christopher D. DiSano, Esq. #6788
LaPlante & Sowa, Ltd.
67 Cedar Street, Suite 102
Providence, RI 02903
(401) 273-0200 (telephone)
(401) 273-02500 (facsimile)

**CERTIFICATION**

Marc DeSisto, Esquire.
Desisto Law
211 Angell Street, PO Box 2563
Providence, RI 02906

I hereby certify that on this 12th day of June, 2006, I sent by first class mail, postage prepaid, a copy of the within document to the above-listed counsel.