**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

Stephen F. Chrabaszcz, Jr., et al

v. C.A. No. 03-133 S

Johnston School Committee, both
Individually and as Committee Members, et al.

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR MODIFICATION/CLARIFICATION OF JUDGMENT**

NOW COME Defendants and hereby object to Plaintiffs' Motion for Modification and/or Clarification of the Judgment entered by this Court on or about May 22, 2006. In support thereof, defendants rely upon the Memorandum of Law, attached and incorporated herein,

By their Attorney,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 19th day of June, 2006, to the following:

Jeffrey D. Sowa, Esq. (#5764)
67 Cedar Street, Suite 102
Providence, RI 02903

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

Stephen F. Chrabaszcz, Jr., et al

v. C.A. No. 03-133 S

Johnston School Committee, both
Individually and as Committee Members, et al.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO PLAINTIFFS' MOTION FOR MODIFICATION/CLARIFICATION OF JUDGMENT**

## I. Introduction

Plaintiffs have filed a motion seeking a modification and/or clarification of the Judgment entered by this Court on or about May 22, 2006. Plaintiffs specifically ask this court to modify the judgment to include the notation that plaintiff is awarded "100% attorneys fees" and add prejudgment interest running from August 31, 2000 and October 2000 for the breach of contract and defamation claims respectively. For the reasons cited herein, defendants respectfully object to plaintiffs' Motion.

## II. Modification of Judgment to include "100% Attorneys' Fees"

Plaintiffs first ask this Court to modify the judgment by adding a reference to the collection of "100% attorneys' fees." Plaintiffs bring the instant motion pursuant to Rule 60 of the Federal Court Rules of Civil Procedure. As the express language of the rule provides, Rule 60(a) is intended to correct errors "arising from oversight or omission." In the first instance, defendants would submit that the exclusion of the reference to the "attorneys' fees" on the Judgment was not an oversight or omission but intentional act that is not to be corrected pursuant to a Rule 60(a) motion. In particular, a judgment is intended to represent a final act or ruling on a matter such that the only judicial business that remains from the entry is enforcement. The

inclusion of a reference to simply "100% attorneys' fees" is a meaningless notation because there is nothing for the Court to enforce from that without further action by the Court.

Defendants further submit that plaintiffs reliance upon the Second Circuit case of *McGuire v. Russell Miller, Inc., 1 F.3d 1306 (2d Cir. 1993)*, to support the position that the Court could enter the notation "100% attorneys' fees" to the judgment and then make a determination as to the proper amount recoverable under a separate Order is misplaced. *McGuire* is distinguishable from the instant case in the first instance because it actually involved a contractual fee-shifting provision for reimbursement to a successful party. That is, the defendant in *McGuire* was attempting to recoup its expenses under a contract provision that provided for the collection of attorney fees to a prevailing party from the other party's breach of a warranty under the agreement between the parties. Although cited in part by plaintiffs in support of the instant motion, the *McGuire* provision actually stated in full:

> "8.1 . . . The McGuire Shareholder hereby agrees to indemnify, defend, and hold Tilden harmless after the Closing Date from and against any all of the following:
>
> A. **The breach by McGuire of any warranty or representation made by McGuire pursuant to or in connection with this Agreement;**
>
> . . .
>
> E. All costs, assessments, judgments and demands . . . arising out of any claim, or the defense, settlement or compromise thereof, made with respect to paragraphs 8.1A through 8.1D"

The provision omitted by plaintiffs (as highlighted above) is a key distinguishing characteristic from the instant case because the Employment Agreement at issue in the instant case is not a fee-shifting provision and does not allow for the recovery of such fees and costs for the Town's alleged breach. Rather, as more fully outlined in Defendants' *Memorandum of Law in support of its' Renewed Motion for Judgment* and its *Memorandum of Law in Support of its' Objection to*

*Plaintiffs' Motion for Attorneys' Fees*, the challenged provision is a contractual agreement that the defendants will indemnify plaintiff should plaintiff be sued for "*any act or omission of the [plaintiff]* while acting in good faith within the scope of his/her duties or employment." *Employment Agreement, Article XVI, (Emphasis added).* This contractual provision is not the typical fee-shifting provision discussed in *McGuire* wherein one party is essentially penalized for breaching a contract by being forced to bear the litigation costs. By its express terms, the provision at issue in this case does not allow plaintiffs to recover litigation costs for the Town's alleged "acts or omission" through a breach of contract or defamation action.

Defendants submit that rather than the Second Circuit's holding in *McGuire*, the U.S. Supreme Court's holding in *Simler v. Conner, 372 U.S. 221, 223 (1963)* is more on par with the instant case. *Simler* involved a client's dispute with his attorney over the terms of the contingent fee retainer contract. Contrary to *McGuire*, the issue in the instant case is similar to the type of issue addressed in *Simler* because it involves traditional common-law contractual issues that defendants were entitled to have determined by a jury. Such contract issues included the question of whether the Town breached the indemnification provision and in what amount. *Simler, 372 U.S. at 223. See also Defendants' Memorandum of Law in Support of Objection to Motion for Attorneys' Fees*. In fact, the damages for the alleged breach of the Indemnification provision of the Employment Agreement are no different than the damages claimed for the breach of the Evaluation provision. The defendants were entitled to have the jury determine the amount of damages for the breach of both provisions.

Moreover, in *McGuire,* the Second Circuit reasoned that it was impractical to submit the issue of the amount of fees to the jury because that damage amount was a fluctuating figure that was accumulating even as the jury deliberated. In the instant case, however, even assuming that

the disputed contract section provides for the recovery of costs for something other than an actual civil suit *against* the plaintiff for actions he took as a school administrator, the damage associated with plaintiff having to defend himself for "acts and omissions" was/is a set amount that is not affected by the instant ongoing litigation. To the extent plaintiff incurred any fees in defense of his own act or omission those fees were clearly discernable at the time this matter was submitted to the jury. Such damages therefore should have properly been determined by the jury.[1] Plaintiffs' failure to provide the jury with evidence concerning the scope of such damages is fatal to plaintiffs' recovery of the same. Plaintiffs' Motion to Modify the Judgment to include a notation of "100% attorneys' fees" should accordingly be denied.

## III. Prejudgment interest – Breach of Contract

Plaintiffs has also asked this Court to modify the Judgment by adding prejudgment interest on the breach of contract claim pursuant to *R.I.G.L. § 9-1-21* from August 31, 2000 to the present According to plaintiffs, August 31, 2000 is the proper date to assess interest because that is the last day that defendants could have breached the contract by failing to provide plaintiff with an evaluation. Defendants first respond that plaintiffs has misconstrued the time from which prejudgment interest is assessed.

The Rhode Island Supreme Court has held that the date of prejudgment interest for breach of contract claims runs "from the point at which the plaintiff actually began to suffer damages." *Buckley v. Brown Plastics Machinery, LLC, 368 F.Supp.2d 167, 170 (D.R.I. 2005) citing Blue Ribbon Beef Co. Inc. v. Napolitano, 696 A.2d 1225, 1229 (R.I. 1997); Jolicoeur Furniture Co. v. Baldelli, 653 A.2d 740, 755 (R.I. 1995); Miller v. Dixon Industries Corp., 513*

[1] It is further noteworthy that unlike *McGuire*, plaintiffs did not ask for a specific interrogatory to this jury regarding the issue of attorneys' fees. Thus, the jury was not asked to make a specific determination of whether plaintiffs were entitled to attorneys' fees as they were in *McGuire*.

*A.2d 597, 602-03 (R.I. 1986)*. In a breach of contract claim, that is not always the time that the party is alleged to have breached the contract. *Id.* In the instant case, plaintiffs allege that the defendants breached the contract by failing to provide a written evaluation of plaintiff's work and that this lack of evaluation prevented plaintiff from obtaining employment during the following school year. Presumptively, the $116,518 reflects the income the jury believed plaintiff was denied because of the lack of evaluation. Clearly, such income would not have been recoverable as of August 31, 2000.

The question thus becomes when did plaintiff's damages actually begin? That is, when is the precise moment that plaintiff lost wages? While plaintiff may argue that he lost wages and thus was damaged when the 2000-2001 school year began, clearly as of September 2000 he had not lost $116,518. Rather, as of September 2000, under plaintiff's argument, he began to lose his weekly or biweekly salary of the claimed $116,518 yearly salary. Obviously the jury did not make a determination on this weekly or biweekly salary. Thus, while the jury's verdict determined that plaintiff was due $116,548, "the findings of the jury only set forth that plaintiff was, at the time of the suit, due such an amount." *Buckley, 368 F.Supp.2d at 172.* Defendants submit that it is "not possible for this Court to accurately determine, based on the jury's verdict, the precise moment" plaintiff was entitled to particular portions of the $116,548 salary such to accurately assess prejudgment interest." *Id.* In such a situation, rather than "speculate as to what the jury's verdict may have represented", this Court has advocated utilizing the "time of filing" or "date of demand" point of accrual under *§ 9-21-10*. *Id.* *See also Painters & Allied Trades Dist. Council v. Ipswich Bay Glass Co., 2004 U.S. Dist. LEXIS 10022 (D. Mass. 2004)(awarding prejudgment interest on lost wages from the date of the arbitration award).* In the instant case because "the date of damages" approach is impractical, the date of filing the law

suit provides a clear date for this court to assess prejudgment interest and, accordingly, should be adopted. Id. *citing* Fratus v. Republic Western Ins. Co., *147 F.3d 25, 30 (1st Cir. 1998).*

Plaintiffs have also made a passing reference to the addition of prejudgment interest on the award of attorney's fees as determined by the jury. In the first instance, there is no monetary amount for the clerk to assess the prejudgment interest on this claim. As the Rhode Island Supreme Court has repeatedly held, the assessment of prejudgment interest under R.I.G.L. 9-21-10 is a ministerial act that contemplates no judicial intervention. Pray v. Narragansett Improvement Co., *434 A.2d 923, 931 (R.I. 1981).* In the instant case, plaintiffs did not present any evidence to the jury to support a monetary award for lost attorneys' fees and thus, the jury could not and did not assign a value to that award. Consequently, there is no amount for the clerk, without judicial intervention, to base an addition of prejudgment interest. Such a claim for prejudgment interest should accordingly be denied.

**IV. Pre-Judgment Interest - Defamation**

Plaintiffs have also asked for the addition of prejudgment interest running from October 3, 2000 on the damage award for defamation. Of course, there can be no dispute that the municipality cannot be held liable for prejudgment interest under the Tort Claims Act. Andrade v. State, *448 A.2d 1293 (R.I. 1982).* Consequently, plaintiffs are not entitled to prejudgment interest against the municipality on the defamation claim.

Defendants also submit that plaintiffs are not entitled to prejudgment interest against Dr. Jolin on the defamation damages. In the instant case, the alleged defamatory comments plaintiff relied on during trial to support his defamation claim were the statements made by Dr. Jolin during the School Committee hearing addressing Dr. Jolin's recommendation not to renew plaintiff's contract. There can be no dispute that the statements made by Dr. Jolin were made in

his official capacity as the Superintendent of Schools. It was the official duty and obligation of Dr. Jolin to make a recommendation and support that recommendation before the School Committee. In fact, the sole statements relied on by plaintiffs at trial were made during School Committee meetings and in support of Dr. Jolin's official recommendation regarding a personnel matter. Consequently, to the extent the jury found Dr. Jolin liable for such alleged defamatory comments, he can only be held liable in his official and not individual capacity. It is well-settled that a suit against a government official in his or her official capacity is a suit against the municipality. *Capital Properties Inc.. v. State, 749 A.2d 1069, 1081 (r.I. 1999) quoting Will v. Michigan, 491 U.S. 58, 71 (1989).* Because prejudgment interest is not taxable against a municipality, prejudgment interest cannot be taxed against an official held liable in his official capacity. *Feeney v. Napolitano, 825 A.2d 1 (R.I. 2003).*

In presenting this position, defendants recognize that since *Feeney*, the R.I. Supreme court has held that where a plaintiff sues a government official in his individual and official capacity, it is incumbent on the defendant to raise the issue of lack of individual capacity in order to enjoy the protections of *Feeney*. *Andrade v. Perry, 863 A.2d 1272, 1277 (R.I. 2004).* However, in the instant case, as defendants argued in support of their Motion for Judgment, plaintiffs' Complaint does not actually contain a claim for defamation based on the statements presented to the jury. Rather, the Complaint specifically alleges that it was the statements made by defendants to prospective employers that amounted to defamation. *Plaintiffs' Complaint, at Count IX.* Defendant therefore did not have an opportunity to raise capacity as an affirmative defense in accordance with Rule 9. *See generally Feeney, 825 A.2d at 7.* Moreover, even though plaintiffs named Dr. Jolin individually in the Complaint for the other causes of actions, the facts as presented by plaintiffs at trial do not support an inference that plaintiff intended to

hold Dr. Jolin individually liable for the alleged defamatory statements presented at trial. Prejudgment interest thus is not recoverable on damage attributable to plaintiffs' defamation claim.

## V. Conclusion

For the reasons cited herein, as well as those that may be raised at hearing, defendants respectfully request that this Court deny Plaintiffs' Motion for Modification/Clarification of the Judgment.

Defendants,
By their Attorney,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 19th day of June, 2006, to the following:

Jeffrey D. Sowa, Esq. (#5764)
67 Cedar Street, Suite 102
Providence, RI 02903