**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

Stephen F. Chrabaszcz, Jr., et al

v. C.A. No. 03-133 S

Johnston School Committee, both
Individually and as Committee Members, et al.

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

NOW COME Defendants and hereby object to Plaintiffs' Motion for Attorneys' Fees. In support thereof, defendants rely upon the Memorandum of Law, attached and incorporated herein,

Defendants,
By their Attorney,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 22nd day of June, 2006, to the following:

Jeffrey D. Sowa, Esq. (#5764)
67 Cedar Street, Suite 102
Providence, RI 02903

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

Stephen F. Chrabaszcz, Jr., et al

v. C.A. No. 03-133 S

Johnston School Committee, both
Individually and as Committee Members, et al.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

## I. Introduction

This matter is before the Court on Plaintiffs' Post-trial Motion for the Award of Attorneys' fees. Plaintiffs specifically seek to recover in excess of $180,000 in attorneys' fees for a plethora of litigation and challenges plaintiffs have made to the Town's actions and decisions since June 2000. In addressing the instant Motion, the starting point must be the recognition that there is no common law right to collect attorneys' fees. *Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 717 (1967); Castro-Rivera v. Fagundo, 129 Fed. Appx. 632, 632-633 (1st Cir. 2005); Eleazer v. Ted Reed Thermal, 576 A.2d 1217, 1221 (R.I. 1990).* Consequently, it is well established that attorneys' fees may be taxed only when there is either specific statutory authority or contractual liability. *Id.* To support the instant Motion, plaintiffs rely on both a statutory basis (*R.I.G.L. § 9-1-45*) and an alleged contractual basis (Article XVI of Employment Contract). Defendants respectfully submit that there is no authority, either statutory or contractual, for the imposition of attorneys' fees through the instant motion. In any event, even if plaintiff can establish a basis for the collection of fees, the fees allowable

clearly do not include the scope as requested by the instant motion. Defendants thus respectfully request that this Court deny plaintiffs' Motion for Attorneys' Fees.

**II. Plaintiffs are not entitled to recover costs pursuant to R.I.G.L. § 9-1-45**

Plaintiffs have asked this Court to award attorneys' fees based on *R.I.G.L. § 9-1-45.* As plaintiffs note, § 9-1-45 permits the recovery of fees in a breach of contract claim if the Court finds that there was a "complete absence of a justiciable issue of either law or fact raised by the losing party." *R.I.G.L. § 9-1-45.* Of course, simply because Defendants did not succeed does not mean that no justiciable issues were raised. *UXB Sand & Gravel, Inc. v. Rosenfeld Concrete Corp., 641 A.2d 75, 80 (R.I. 1994).* "The Court can conclude that justiciable issues have been presented even when the evidence in support of those issues is eventually proven to be legally insufficient." *Normandin v. Gauthier, 2006 R.I. Super. LEXIS 40 (R.I. Super. Ct. 2006) citing UXB Sand & Gravel, Inc., 641 A.2d at 80.*

In this case, defendants respond that there were clear justiciable issues to be resolved regarding plaintiffs' breach of contract claims. This is most noticeably demonstrated by the fact that the claims were presented to the jury rather than being subject to summary decision by the Court. If there was a complete absence of justiciable issues, there would have been nothing for the jury to decide other than damages. In fact, plaintiffs themselves implicitly acknowledge the existence of such justiciable issues by their failure to seek judgment as a matter of law on this count.

Rather then repeating all the arguments presented to demonstrate justiciable issues, defendants rely upon and incorporate defendants' oral motion for judgment as well as in their *Memorandum Of Law In Support Of The Renewed Motion For Judgment*

*As A Matter Of Law, Motion For A New Trial, Or In The Alternative For A Remittitur, Of Defendants, The Town Of Johnston And Dr. Michael Jolin,* herein. In addition, defendants challenge the simplistic view posed by plaintiffs that because defendants admit that no written evaluation was provided, defendants failed to provide a justiciable issue in defense of the breach of the evaluation section of the contract. In interpreting and applying contract provisions, the contract must be read in its entirety with the terms given their plain and ordinary meaning. *Paradis v. Greater Providence Deposit Corp., 651 A.2d 738, 741 (R.I. 1994).* In this case, defendants argued that not only is there no specific requirement in the contract that the evaluation be in writting but the evaluation requirement became moot upon the School Committee's decision not to renew plaintiff's contract. This position is supported by the overall objective of the evaluation provision. Although plaintiff argued that the purpose of an evaluation was to assist him in pursuit of future employment, a plain reading of the Employment Agreement demonstrates that such evaluations were intended to help in the development of a plan during the ensuing years of the administrator's employment if the administrator had a multi-year contract or had his/her contract renewed. This is evident by the fact that Evaluation section expressly states that documented weak performance and other inadequacies "are some causes for the Superintendent to mandate a plan designed to lead to satisfactory performance." *Employment Agreement, Section XIII.* That same section sets a time line of June to August for the completion of these evaluations and by extension, the plan for improvement and development. This is obviously not only after the school year has ended but also after the contract expired. It therefore follows that if the administrator was not continuing his/her employment with the Town, there was no need for an evaluation.

In addition to the arguments articulated in their oral and renewed Motion for Judgment, there was/is likewise a valid justiciable issue regarding the interpretation of the Indemnification provision of the contract. As noted in Defendants' Renewed Motion for Judgment, the language of the Indemnification provision mirrors *§ 9-1-31* of R.I. General Laws, which requires municipalities to indemnify and defend administrators from suits brought against administrators for their official acts. Defendants maintain that the purpose and intent of the Article XVI was to provide plaintiff coverage if he should get sued for actions taken in his official capacity. Article XVI specifically uses the terms "claim, action, ward, compromise, settlement or judgment" to define the areas of coverage. Noticeably, this list does not include changes to plaintiff's working status, breach of contract disputes or challenges to the decision not to renew the contract. The purpose and intent, therefore, was not to provide plaintiff coverage to defend allegations of misconduct brought by the defendants themselves or to support plaintiffs' challenge to the decision not to rehire him for another year. Defendants submit that such arguments are well-supported by a plain reading of the contract provisions and thus present a justiciable issue. Accordingly, there is no support for the contention that recovery should be allowed under *R.I.G.L. § 9-1-45.*

Finally, despite their position that there was a complete absence of justiciable issues, plaintiffs ironically also claim that they are entitled to over $180,000 in attorneys' fees because the "factual circumstances giving rise to this litigation were complex and involved calculated actions of defendants . . ." *Plaintiffs' Memorandum of Law in Support of Their Motion Seeking An Award of Attorneys' Fees, at p. 11.* Quite simply, plaintiffs can not have it both ways. If the issues surrounding the breach of contract

claim (which are the only attorneys' fees plaintiffs could recover under *§* 9-1-45) were so "complex and involved" such to justify the fees requested by plaintiffs, then the defendants can hardly be said to have failed to present a complete lack of justiciable issue of either law or fact. Plaintiffs' claim for attorneys' fees pursuant to *R.I.G.L. § 9-1-45* should accordingly be denied.

**III. Plaintiffs cannot rely upon the Employment Agreement to support Post-trial adjudication of Attorneys' fees**

In apparent reliance on defendants' contractual liability under Article XVI, plaintiffs have also asked this Court to award attorneys' fees and assign a monetary figure to the jury's notation of "plus 100% attorneys' fees" on the verdict form. As the Court is aware, this notation was made underneath the jury's award of $116,000 in damages for plaintiffs' breach of contract claim. Plaintiffs argue that this Court has the authority to determine the monetary value of the damages allegedly suffered by plaintiffs for defendants' breach of Article XVI of the contract. For the reasons outlined below (as well as those contained in Defendants' Objection to Plaintiffs' Motion for Modification/Clarification of Judgment), defendants submit that the amount of damages was properly a jury question. Plaintiffs' failure to present evidence at trial to support a jury verdict on the same precludes plaintiffs from recovering the same through the instant motion.

As they did in support of their Motion for Modification/Clarification of the Judgment, plaintiffs rely upon the Second Circuit case of *McGuire v. Russell Miller, Inc.*, *1 F.3d 1306 (2d Cir. 1993)*, for the position that the Court could make a determination as to the proper damage amount to assign to the jury's notation "100% attorneys' fees." Defendants again respond that plaintiffs' reliance on *McGuire* is misplaced. *McGuire* is

most notably distinguishable from the instant case because McGuire involved a contractual fee-shifting provision for reimbursement to a successful party. That is, the defendant in McGuire was attempting to recoup its expenses under a contract provision that provided for the collection of attorney fees to a prevailing party from the other party's breach of a warranty under the agreement between the parties. Although cited in part by plaintiffs in support of the instant motion, the contested provision in McGuire actually stated in full:

> "8.1 . . . The McGuire Shareholder hereby agrees to indemnify, defend, and hold Tilden harmless after the Closing Date from and against any all of the following:
>
> > A. **The breach by McGuire of any warranty or representation made by McGuire pursuant to or in connection with this Agreement;**
> >
> > . . .
> >
> > E. All costs, assessments, judgments and demands . . . arising out of any claim, or the defense, settlement or compromise thereof, made with respect to paragraphs 8.1A through 8.1D" McGuire, *1 F.3d at1309 (Emphasis Added). V*

The section omitted by plaintiffs (as highlighted above) is a key distinguishing characteristic from the instant case because the Employment Agreement at issue in this case is not a fee-shifting provision and does not allow for the recovery of such fees and costs for the Town's alleged breach. Rather, as outlined in Defendants' *Memorandum of Law in support of its' Renewed Motion for Judgment*, the challenged provision is a contractual agreement that the defendants will indemnify plaintiff for any "claim, action, ward, compromise, settlement or judgment" should plaintiff be sued for "*any act or omission of the [plaintiff]* while acting in good faith within the scope of his/her duties or employment." *Employment Agreement, Article XVI, (Emphasis added).* This contractual provision is not the typical fee-shifting provision discussed in McGuire wherein one party

is essentially penalized for breaching a contract by being forced to bear the litigation costs. By its express terms, the provision at issue in this case does not allow plaintiffs to recover litigation costs for the Town's alleged "acts or omission" through a breach of contract or defamation action.

Defendants submit that rather than the Second Circuit's holding in McGuire, the U.S. Supreme Court's holding in Simler v. Conner, *372 U.S. 221, 223 (1963)* is more on par with the instant case. Simler involved a client's dispute with his attorney over the terms of the contingent fee retainer contract. Contrary to McGuire, the issue in the instant case is similar to the type of issue addressed in Simler because it involves traditional common-law contractual issues that defendants were entitled to have determined by a jury. Such contract issues included the question of whether the Town breached the indemnification provision and in what amount. Simler, *372 U.S. at 223. See also Defendants' Memorandum of Law in Support of Objection to Motion for Clarification/Modification of Judgment.* In fact, the damages arising from the alleged breach of the Indemnification provision of the Employment Agreement are no different than the damages claimed for the breach of the Evaluation provision. The defendants were entitled to have the jury determine the amount of damages for the breach of both provisions.

Moreover, in McGuire, the Second Circuit reasoned that it was impractical to submit the issue of the amount of fees to the jury because that damage amount was a fluctuating figure that was accumulating even as the jury deliberated. In the instant case, however, even assuming that the disputed contract section provides for the recovery of costs for something other than an actual civil suit *against* the plaintiff for actions he took

as a school administrator, the damage associated with plaintiff having to defend himself for "acts and omissions" was/is a set amount that is not affected by the instant ongoing litigation. To the extent plaintiff incurred any fees in defense of his own act or omission, that is, the administrative leave decision, those fees were clearly discernable at the time this matter was submitted to the jury. Such damages therefore should have properly been determined by the jury.[1] Plaintiffs' failure to provide the jury with evidence concerning the scope of such damages is fatal to plaintiffs' recovery of the same and the instant motion for attorneys' fees should accordingly be denied.

## IV. **Calculation of Fees**

In their Motion for Attorneys' fees plaintiffs quite simply throw in the kitchen sink and request any and all legal fees incurred by plaintiff since his employment with the Town of Johnston. Despite such a broad and encompassing request, plaintiffs offer no explanation as to why they would be entitled to recover all fees for all litigation with the Town, including their ongoing appeal from the School Committee's decision not renew plaintiff's Employment Agreement. Defendants submit in the first instance that depending on what basis the fees are awarded, jury verdict or § 9-1-45, plaintiffs is limited in their recovery and, in any event, is not entitled to recover all the fees requested herein.

First, in the event this Court decides that plaintiffs are entitled to recover fees pursuant to *R.I.G.L. § 9-1-45*, such recovery is limited to the cost of the instant litigation and would not include plaintiffs' challenge to the administrative leave in April 2000 or

[1] It is further noteworthy that unlike *McGuire,* plaintiffs did not ask for a specific interrogatory to this jury regarding the issue of attorneys' fees. Thus, the jury was not asked to make a specific determination of whether plaintiffs were entitled to attorneys' fees as they were in *McGuire*.

the decision not to renew plaintiffs' contract (ongoing since June 2000). Section 9-1-45 specifically states that the court may award a "reasonable attorney's fee to the prevailing party in any civil action arising from a breach of contract." *R.I.G.L. § 9-1-45*. Clearly this section only warrants the recovery of fees incurred in the prosecution of the breach of contract claim.

To that extent, defendants would respectfully submit that the litigation costs related to the filing of the instant Complaint and trial should further be reduced to reflect only the costs associated with the pursuit of the breach of contract claim. Noticeably, plaintiffs original Complaint contained eight (8) other causes of action, of which plaintiffs were unsuccessful on six (6). The discovery in this matter centered primarily on plaintiffs' constitutional and defamation claim. In fact, other than the deposition of Dr. Jolin, none of the depositions conducted by plaintiffs addressed the issue of the alleged breach of contract. Thus, in the event this Court were to determine that attorneys' fees are appropriate pursuant to *§ 9-1-45*, defendants would respectfully ask this court to limit the award to the actual hours spent pursuing the breach of contract claim and omit any recovery for the remaining claims or plaintiff's pending challenge to the decision not to renew his contract.

Should this Court determine that attorneys' fees are not recoverable under *R.I.G.L. § 9-1-45* but are recoverable pursuant to the jury's notation that plaintiffs are entitled to "100% attorneys' fees", defendants submit that plaintiffs is reading the verdict too broadly by requesting fees for ALL disputes with the Town. Noticeably, the jury made the notation "100% attorneys' fees" to the damage portion of the breach of contract claim. It logically follows that, having been presented with the claim that the

Town breached the Employment contract by failing to abide with Article XVI, plaintiff is only entitled to recover the attorneys' fees as allowed by that portion of the Employment Agreement.[2] As noted, the provision at issue specifically states that the Town will indemnify plaintiff for "*any act or omission <u>of the [plaintiff]</u>* while acting in good faith within the scope of his/her duties or employment." *Employment Agreement, Article XVI, (Emphasis added).* This provision is not a fee shifting agreement wherein one party to a contract is granted attorneys' fees incurred in pursuing an action for the other party's breach of contract. Rather, it is specifically limited to permitting the recovery of costs incurred in <u>defending</u> actions for plaintiffs' own official acts or omissions. Therefore, Plaintiff is not entitled to recover costs for his pursuit of the instant Complaint. As previously noted, the only claims plaintiffs ultimately succeeded on were the counts for breach of contract and defamation. These claims specifically challenge the defendants' "acts and omissions" not the plaintiffs. Accordingly, Article XVI, by its very language, does not provide plaintiffs with a vehicle to recover fees incurred in pursuit of the instant Complaint.

Plaintiffs have also asked this Court to award him fees relating to his request for a public hearing challenging the Superintendent's recommendation that the School Committee not renew plaintiff's contract and his subsequent appeals to the Board of Education and Board of Regents. However, Plaintiff has failed to explain how such costs fall within the ambit of section XVI of the Employment Agreement. As noted, the clear language of Article XVI limits recovery to actions for plaintiff's acts or omissions. The

---

[2] Of course, the uncertainty of the award itself and confusion as to the jury's intent as evidenced by the instant dispute between the parties further demonstrates the need for a New Trial on this aspect of the claims.

decision not to rehire plaintiff, as made clear by the Board of Education decision, was based not on plaintiff's acts or omissions but on the determination that there were better administrators available to fill the position. In addition to the utter lack of support in the actual language of the contract, it simply lacks absolute common sense to conclude that the Town would agree to cover plaintiff's attorneys' fees if the Town were to decide not to renew plaintiff's contract and plaintiff decided to challenge that decision.

Defendants thus submit that to the extent (if at all), the Court has the authority to step into the jury's shoes and decide the amount in which plaintiffs were damaged by the breach of Article XVI of the Employment Agreement, such an award should be limited to those incurred in relation to plaintiff defending himself from claims relating to his own acts or omissions. Quite simply that would be the decision to place plaintiff on administrative leave. Such fees are limited to those costs incurred prior to June 2000.[3] It is undisputed that as of June 6, 2000, Dr. Jolin had advised plaintiff that he would be recommending to the School Committee that they not renew plaintiff's contract because Dr. Jolin believed that there were better administrators available to fill plaintiff's position. From that date forward, plaintiff was not defending against a claim for his act or omission in his official capacity but rather was attempting to convince the School Committee to reject the Superintendent's recommendation that there were better administrators available and to rehire plaintiff. Article XVI also clearly does not provide

[3] While plaintiffs may attempt to argue that his pursuit of the instant Complaint was in defense of claims of his acts and omissions, in the end, this Court made the determination that such a claim was not viable and thus entered judgment in favor of the defendants and limited the jury to making determinations of breach of contract and defamation.

recovery for plaintiff's attempt to have his contract renewed. [4]

Review of the time sheets submitted in support of the instant motion fail to support the conclusion that the law firm of LaPlante and Sowa did any work on the administrative leave issue. Although it is difficult to decipher, the bill of Attorney Stephen Reid contains some limited work prior to Dr. Jolin's June 6, 2000, letter advising plaintiff that he would be recommending that the School Committee not renew his contract. Defendants take the position that the burden is on plaintiffs to demonstrate more clearly the actual legal fees incurred in relation to the administrative leave.

In the event this court were to reject defendants' arguments and decide that plaintiffs are entitled to recover for the administrative leave decision, the decision not to renew his contract, the subsequent, ongoing appeal of that decision, and plaintiffs' pursuit of the instant Complaint, defendants would alternatively submit that such fees should be reduced in accordance with the level of success plaintiffs achieved. In particular, plaintiffs original Complaint contained nine (9) counts, including constitutional claims. As to Dr. Jolin and the Town, Plaintiffs lost all but two (2) of the substantive claims (one derivative in the form of loss of consortium) prior to the submission of the action to the jury. Plaintiffs lost all counts against the other seven (7) named defendants. While plaintiffs correctly state that Courts have held that the Lodestar method, where the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate, is the most useful method of calculating fees, the U.S. Supreme Court has further held that "the most critical factor" in determining the reasonableness of a fee

---

[4] Of course, in any event, it makes no sense to read the indemnification provision as granting an administrator the right to collect legal fees when he decides to challenge the Town's decision not to renew his contract. This is especially apparent in light of the fact that to date, plaintiff has been unsuccessful in his appeals from the Town's decisions.

award "is the degree of success obtained." *Hensley v. Eckerhart, 461 U.S. 424, 436 (1983). See also Phetosomphone v. Allison Reed Group, Inc., 984 F.2d 4, 6 (1st Cir. 1993).* This Court is thus "entitled to eliminate or discount hours or other expenses that it [finds] would not have been incurred but for the unsuccessful . . . claim[s]. *Phetosomphone, 984 F.2d at 7 quoting Hensley, 461 U.S. at 436-37.*

In fact, "the rule of this Circuit [is] that 'where plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claims should be excluded in considering the amount of a reasonable fee.'" *Wojtkowski v. Cade, 725 F.2d 127, 130 (1st Cir. 1984) citing Hensley, 461 U.S. 424.* It is only when the losing claims included "a common core of facts," or were "based on related legal theories," linking them to the successful claim that the attorneys' award may include compensation for legal work performed on the unsuccessful claims. *Garrity v. Sununu, 752 F.2d 727, 734 (1st Cir. 1984).*[5] In the instant case, the facts surrounding the breach of contract claim was completely separate from plaintiffs' other claims which all revolved around plaintiff being placed on administrative leave and its ramifications. The bulk of plaintiffs' legal work focused on plaintiffs' constitutional and other unsuccessful claims. Review of the pretrial filings, depositions and arguments at trial demonstrate that plaintiffs spent very little time on the breach of contract claim. Defendants thus submit that even if this Court were to find that plaintiffs are entitled to recover the costs for

---

[5] "[I]n *Hensley* itself, where the successful and unsuccessful claims were closely related, the Supreme Court said generally that "the district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Phetosomphone, 984 F.2d at 7 quoting Hensley, 461 U.S. at 436-37.*

pursuing the breach of contract Complaint before this Court, the instant request for fees in excess of $180,000 should be proportionally reduced.[6]

Defendants feel compelled to address one additional aspect of plaintiffs' Motion for Attorneys' Fees. At p. 12 of their Memorandum, plaintiffs make the general statement that "if an opponent engages in obstructionist tactics that turn a simple dispute into protracted litigation, that opponent will bear the additional costs incurred by the victor in defending against such tactics." *Plaintiffs' Memorandum of Law in Support of their Motion Seeking an Award of Attorneys' Fees, at 12.* Although plaintiffs state that this is a "significant" proposition, plaintiffs offer absolutely no explanation as to how it has any bearing on the instant case. To the extent the statement implies any "obstructionist" actions by defendants, defendants emphatically deny that they engaged in any "obstructionist" tactics in defense of the instant litigation. In fact, to the extent the instant case could be classified as a "protracted litigation" at all is easily explainable by plaintiffs' own decision to bring a nine (9) count Complaint and engage in numerous deposition (as compared to two (2) by defendants). In the end, only two (2) substantive (one (1) derivative) counts survived defendants' legal challenges. Defendants thus submit that there is absolutely no basis to support an allegation that defendants engaged in any "obstructionist" tactics justifying the imposition of additional costs.

## V. Conclusion

For the reasons cited herein, as well as those that may be raised at hearing, defendants respectfully request that this Court deny Plaintiffs' Motion for Attorneys' Fees and/or reduce the request accordingly.

---

[6] Defendants also bring to the Court's attention an apparent error in Attorney Sowa's timeslips for May 16, 2006. The entry for that date reflects 18.5 billable hours.

Defendants,
By their Attorney,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 22nd day of June, 2006, to the following:

Jeffrey D. Sowa, Esq. (#5764)
67 Cedar Street, Suite 102
Providence, RI 02903