**UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

Stephen F. Chrabaszcz, Jr., et al

v. C.A. No. 03-133 S

Johnston School Committee, both
Individually and as Committee Members, et al.

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THE RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, MOTION FOR A NEW TRIAL, OR IN THE ALTERNATIVE FOR A REMITTITUR, of DEFENDANTS, THE TOWN OF JOHNSTON AND DR. MICHAEL JOLIN**

This matter came before the Court for hearing on July 12, 2006, on the various post-trial motions filed by the parties, including Defendants' Renewed Motion for Judgment, Motion for a New Trial, or in the alternative for a Remittitur. At the conclusion of the hearing, the Court asked the parties to submit supplemental memoranda to address plaintiffs' claim that defendants had waived certain arguments by allegedly failing to raise them during their Rule 50 motion for judgment at the close of plaintiffs' case. In accordance with the Court's instructions, defendants hereby submit the instant Memorandum in support of the position that defendants have not waived the challenged argument.

As discussed during the July 12, 2006, hearing, plaintiffs claim that the defendants have waived the position that Dr. Jolin is not liable under the Employment Contract because he is not a signatory to the Employment Contract. During this hearing, plaintiffs cited *Blockell v. JC Penney, 337 F.3d 17 (1st Cir. 2003)* in support of their waiver argument. As an initial matter, defendants respond that plaintiffs' reliance on *Blockell* is misplaced. In particular, the holding in *Blockell* was not whether a party has

waived an issue in post-trial filings before the District Court for failing to raise it in a Rule 50 motion,[1] but whether the issue was waived *on appeal* before the First Circuit for failing to raise it *at all* before the District Court. In Blockell, the defendants attempted to raise additional issues on appeal that they had neglected to put before the trial court. The First Circuit ruled that the failure to raise these additional issues before the District Court amounted to a waiver before the First Circuit on appeal. Id. Of course, in the instant case, the issues have been brought before the District Court. The issue therefore is whether the Court can address the arguments either as a basis for granting a Renewed Motion for Judgment or a Motion for a New Trial. Defendants submit that the issue is properly before the Court under either a renewed motion for judgment or Motion for New Trial.

First, as argued during the July 12, 2006, hearing, there is no requirement that an issue or argument be raised in a motion for judgment in order for it to form the basis for the granting of a new trial under Rule 59. In fact, it has been held that a party's failure to make any motion for judgment at all "has no adverse affect on his motion for a new trial." *Giles v. Rhodes, 171 F. Supp. 2d 220, 224 (D.N.Y. 2001).* In particular, Rule 59 specifically states that "[a] new trial may be granted to all or any of the parties and on all or part of the issues . . . for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States". *Fed.R.Civ.P., Rule 59(a).* Thus, under its plain language, "there is no pre-requisite to obtaining its relief." *Giles, 171 F.Supp. 2d at 224-225 citing Neely v. American Family Mutual Ins. Co., 930 F.*

[1] Although the plaintiff in Blockell had argued that defendant waived its claim by failing to make specific arguments in support of its pre-verdict Motion for Judgment, on appeal, the Court found no merit to that argument based on the trial court interrupting the defense counsel during argument and taking notice of the filing of the motion without argument. *Id. at 25.*

*Supp. 360, 368 (N.D. Iowa 1996) aff'd, 123 F.3d 1127 (8th Cir. 1997);* Baker v. Advanced Mixer, Inc., *1994 U.S. Dist. LEXIS 6035, *12, No. 92 Civ. 3365, 1994 WL 178106, *4 (E.D.Pa. May 5, 1994) ("A party may request a new trial under Rule 59 even if the party failed to move for judgment as a matter of law at the close of all the evidence.").*

The rationale for allowing such review was explained by the Second Circuit in Oliveras v. American Export ISbrandtsen Lines, *431 F.2d 814, 817 (2d Cir. 1970).*

> Where the undisputed evidence results in a verdict that is totally without legal support[,] justice requires a new trial despite counsel's failure to move for a directed verdict prior to submission of the case to the jury. To rule that an unintended flaw in procedure bars a deserving litigant from any relief is an unwarranted triumph of form over substance, the kind of triumph which, commonplace enough prior to our more enlightened days, we strive now to avoid whenever possible.

Quite simply, Rule 59(a) "gives the trial judge ample power to prevent what he considers to be a miscarriage of justice. It is the judge's right, and indeed his duty, to order a new trial if he deems it in the interest of justice to do so." Henley v. FMC Corp., *189 F.R.D. 340, 349 (D. W. Va. 1999) quoting Wright et al., supra § 2803.*

Accordingly, in the instant case, even assuming that defendants have waived the argument as a basis for judgment as a matter of law (which for the reasons stated below, defendants dispute), this Court may nevertheless consider such an argument as the basis for granting a new trial under Rule 59(a). For all the reasons previously cited in the hearings on the oral motions for judgment and post-trial motions for judgment and/or new trial, as well as those raised in its pleadings, defendants submit that at a minimum, Dr. Jolin is entitled to a new trial on the claim that he violated the Employment Contract. In light of Dr. Jolin's clear lack of liability under the contract it would be a manifest

miscarriage of justice to allow the instant verdict to stand. Thus, at a minimum, the Motion for a New Trial should be granted.

Defendants further submit that it nevertheless has not waived this claim in support of its Renewed Motion for Judgment as a matter of law. While it is true that generally speaking a post-trial motion for judgment may not advance grounds that were not raised in the pre-verdict motion, the courts have been careful not to advance form over substance in making the determination of whether the rules have been complied with. See Kusens v. Pascal Company, *448 F.3d 349, ___, 2006 U.S. App. LEXIS 11430, *31 (6th Cir. 2006).* Thus, "where rule 50(a)'s purpose – i.e. providing notice to the court and opposing counsel of any deficiencies in the opposing party's case prior to sending it to the jury – has been met, courts usually take a liberal view of what constitutes a pre-verdict motion sufficient to support a post-verdict motion." Id. *citing* Rankin v. Evans, *133 F.3d 1425, 1432-33 (11th Cir. 1998), cert. denied 525 U.S. 823 (1998)(collecting cases).* This approach has resulted in consideration of more-specifically stated post-verdict motions where the defendant has put the plaintiff and court on notice with broadly stated arguments.

The Sixth Circuit took this approach in *Kusens* holding that "[b]ecause the requirement that a Rule 50(a) motion must precede a Rule 50(b) motion is 'harsh in any circumstance,'" a Rule 50(a) motion should not be reviewed narrowly but rather in light of the purpose of the rules to secure a just, speedy, and inexpensive determination of the case. Id *citing* Anderson v. United Telephone Co. of *Kansas, 933 F.2d 1500, 1503 (10th Cir. 1991) cert. denied, 502 U.S. 940(1991).* Thus, in that case, even where the defendant had raised only the plaintiff's failure to mention a violation of the public policy

claim in his opening statement in support of its oral pre-verdict motion, the Court held the defendant's subsequent argument that plaintiff had failed to prove an essential element of his claim -- at-will employment -- was preserved. *Id. at *37.* The Court reasoned that defendants' argument was sufficient to alert the plaintiff as to the evidentiary insufficiency alleged by defendants. *Id.*

Likewise, in *Rockport Pharmacy, Inc. v. Digital Simplistics, Inc., 53 F.3d 195 (8th Cir. 1995)*, a case relied on in *Kusens*, the defendant had argued in its pre-verdict motion that a breach of contract did not establish a "duty of care" under Missouri law. In its post-verdict motion, the defendant repeated this same argument but supplemented their filing by furthering arguing that under Missouri law there can be no tort liability where the plaintiff is seeking recovery solely for economic losses. *Id. at 197.* The Eight Circuit found that although the two (2) arguments were "somewhat different" they were inextrictably intertwined such to have been preserved for a post-verdict motion.

In the instant case, in moving for judgment on behalf of the other individual defendants, defense counsel specifically argued that the contract at issue was between the school committee and the plaintiff. *Transcript, at 2 & 5 (May 16, 2006).* Although defense counsel did not expressly press the issue of Dr. Jolin's lack of signature on the contract in support of its Rule 50 Motion on his behalf, defendants submit that Rule 50(a)'s purpose – providing notice to the court and opposing counsel of any deficiencies in plaintiffs' case -- were met. *Kusens, 448 F.3d at __.* That is, the individual defendants were not signatories to the contract. Only the plaintiff and the School Committee were signatories to this Contract. As noted, although "Rule 50(a) requires a motion for judgment as a matter of law to state the 'specific grounds,' the rule does not define how

specific the grounds must be." Id. "[I]n light of the purpose of the rules to secure a just, speedy, and inexpensive determination of the case," a liberal reading of the Rule supports a finding that plaintiffs were on notice as to the deficiencies of their case and thus defendants did not waive the issue for purposes of a renewed Motion for Judgment. id *citing Anderson, 933 F.2d at 1503.*

For the reasons cited herein, as well as those presented in prior arguments before the Court, defendants respectfully submit that they have not waived the claim that Dr. Jolin cannot be held liable under the Employment Contract as a basis for granting judgment as a matter of law. In any event, even if defendants had waived the argument for purposes of the Rule 50 Motion, the failure to raise the same during a pre-verdict motion does not interfere with this Court's ability to address the same in a Motion for a New Trial.

Defendants,
By their Attorney,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 25th day of July, 2006, to the following:

Jeffrey D. Sowa, Esq. (#5764)
67 Cedar Street, Suite 102
Providence, RI 02903

Laura Sey[signature]