UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Stephen F. Chrabaszcz, Jr., et al., Plaintiffs, | |
| v. | C.A. No. 03-133S |
| Johnston School Committee, et al., Defendants. | |

**ORDER**

WILLIAM E. SMITH, United States District Judge.

The above entitled matter was tried to a jury, which reached a verdict in favor of Plaintiffs. Judgment entered and various post-trial motions are pending. This Court determined that a settlement conference should be held in an effort to resolve the case in order to avoid protracted appeals and future litigation.

Defendant Town of Johnston has now failed to comply with two Orders of this Court regarding settlement conferences. On July 17, 2006, an Order issued requiring counsel "to appear with their respective parties or someone with full financial and other authority to conduct good faith negotiations" at 2:00 p.m. on August 1, 2006. That Order warned that "[f]ailure to so appear, without advance leave of Court, may result in sanctions." On August 1, 2006, no one with full financial authority appeared for the Town of Johnston, which acts through its Town Council.

On August 2, 2006, this Court issued another Order, requiring

counsel "to appear with their respective parties or someone with full financial and other authority to conduct good faith negotiations" at 2:00 p.m. on August 8, 2006. This Order specifically required the Town Council (or a designated subgroup with full authority) to attend the conference. This Order also contained the same warning of sanctions.

On August 7, 2006, this Court received a telephone call and then a letter from the Town of Johnston's counsel advising this Court "of the difficulties the Town is having in complying with the Order." The letter went on to state that a telephone message left on August 2, 2006 for the Town Solicitor regarding the August 8, 2006 conference was not returned until the following day, at which point the Solicitor was unable to schedule an executive session for the Town Council to discuss this Court's August 2, 2006 Order. In addition, the letter noted that the Town Council President was departing on August 8, 2006 for a trip to Europe.

During a telephone conference with the parties on the morning of August 8, 2006, this Court was informed by counsel that in spite of his efforts to communicate this Court's Order to the Town Solicitor and Town Council members, Defendant Town of Johnston would not have a representative or representatives with full authority present at the conference scheduled for that afternoon, as required by the August 2, 2006 Order. Because of Defendant Town of Johnston's failure to comply with the August 2, 2006 Order, and

to conserve the resources of both this Court and the parties, the August 8, 2006 afternoon conference was cancelled by this Court.

"Court orders are accorded a special status in American jurisprudence." Matter of Providence Journal Co., 820 F.2d 1342, 1347 (1st Cir. 1986). "The power of a court to punish for contempt is inherent and essential to the administration of justice." Fernos-Lopez v. U.S. Dist. Court for Dist. of Puerto Rico, 599 F.2d 1087, 1090 (1st Cir. 1979). In addition, under 18 U.S.C. § 401, this Court has the "power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobediance or resistance to its lawful writ, process, order, rule, decree, or command."

Defendant Town of Johnston is ORDERED to SHOW CAUSE why it should not be held in contempt and sanctioned for violating this Court's Orders dated July 17, 2006 and August 2, 2006. This matter is referred to United States Magistrate Judge Lincoln D. Almond for a prompt hearing and recommended disposition pursuant to 28 U.S.C § 636(b)(1). The Town's response shall be filed in accordance with such schedule as set by Judge Almond.

IT IS SO ORDERED.

WEsmith

William E. Smith
United States District Judge
Date: 8/9/06