motion to amend could not be maintained under Rule 60(a), we may ask whether it could be maintained under some other provision of the federal rules. We would not hold Morgan to the label of its motion if relief were otherwise obtainable.").

Moving to the substance of plaintiffs' claim to augment the judgment to include prejudgment interest, this court's holding in Buckley v. Brown Plastics Mach., LLC, 368 F. Supp. 2d 167, 170 (D.R.I. 2005) is controlling. Here, the jury awarded $116,518 to the plaintiff for damages flowing from the breach of contract. As in Buckley, this finding set forth only that Chrabaszcz was, at the time of suit, due such an amount. Consequently, because "[i]t is not possible for this Court to accurately determine, based on the jury's verdict, the precise moment Plaintiff was originally entitled to these funds," id. at 172, the Court will apply the "time of filing" approach for the calculation of prejudgment interest. Prejudgment interest, at a rate of twelve percent per annum, will be added to the judgment in the amount of $43,673.40.[20]

A few remaining issues can be dealt with summarily. Although plaintiffs seek prejudgment interest with respect to the jury's damage award for defamation, the fact that a municipality cannot be held liable for prejudgment interest under the State Tort Claims

[20] The calculation is as follows: $116,518 (judgment) x .12 (12% per annum) = $13982.16. ($13982.16 / 365 (days in the year)) x 1140 (number of days from April 9, 2003 (the date of filing) to May 22, 2006 (the date of entry of the judgment)) = $43,673.40.

consistent with this court's ruling should enter as follows:

Addition of prejudgment interest: $43,673.40.

ENTER:

**/s/ William E. Smith**

WILLIAM E. SMITH
United States District Judge

DATE: